In the Matter of LUDWIG MALITZ, Respondent, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, October 2, 1962.

*Jerome Schlapik* of counsel (*Morris L. Wolf* with him on the brief; *Robert G. Sheller,* attorney), for appellant.

*Stuart Edward Levison* (*Mort M. Horowitz* with him on the brief), attorney for respondent.

*Per Curiam.* Claimant applied for permission to sue respondent, Motor Vehicle Accident Indemnification Corporation (herein MVAIC) on the premise that he was struck by an unidentified automobile. Respondent resisted the application on the ground that the accident had not been reported to the police within 24 hours as required by subdivision (b) of section 608 of the Insurance Law. The affidavits on the application presented a substantial issue as to whether this section had been complied with.

Special Term did not decide that issue. Instead, the court granted the application, allowing MVAIC to plead lack of compliance as a defense. The cause of action claimant desires to assert is a creation of statute, and the statutory limitations must be observed. Permission to sue must be obtained from the court and may be granted only when the court is satisfied that certain named conditions exist (Insurance Law, § 618, subd.

[a]). Among these is the requirement of notice to the police above referred to. The issue must be determined to the satis-. faction of the court before suit is allowed. It may not be reserved for the trial.

It may well be that an issue such as this and others that may arise as to the statutory conditions precedent to suit cannot be decided upon affidavits to the satisfaction of the court. In such instances a hearing before the court may be directed.

The order should be reversed on the law and the facts, with costs, and the matter remanded to Special Term for a hearing.

BREITEL, J. P., RABIN, VALENTE, EAGER and STEUER, JJ., concur.

Order, entered on February 26, 1962, so far as appealed from, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the matter remanded to Special Term for a hearing.