■ In the Matter of JAMES O'ROURKE, Respondent, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered November 30, 1967, unanimously reversed, on the law, without costs and disbursements, and matter remanded to Special Term for a hearing upon the issues of whether the petitioner is a " qualified person " under section 618 of the Insurance Law and whether " all reasonable efforts " were made to ascertain the identity of the " hit and run " vehicle and the owner and operator thereof as required by that section. The granting of permission to bring an action against MVAIC is conditioned upon the court being " satisfied, upon the hearing of the application ", that the applicant is such qualified person and has made such efforts. (Insurance Law, § 618, subd. [a]). In the circumstances here, the conclusory allegations that petitioner " is a resident of New York, New York " and a " qualified person as defined by Section 601-b of the Insurance Law " are not a satisfactory showing of residential qualifications. (See *Matter of Bonavisa* v. *MVAIC,* 21 Misc 2d 963.) Furthermore, there appears to exist an issue of whether petitioner did make all reasonable efforts to ascertain the identity of the " hit and run " vehicle and its owner and operator. Under the circumstances, the parties should be afforded the opportunity of a hearing upon the disputed issues. (See *Matter of Malitz* v. *MVAIC,* 17 A D 2d 108; *Matter of Woodard* v. *MVAIC,* 23 A D 2d 215.) Concur — Boetin, P. J., Eager, Capozzoli, McGivern and Rabin, JJ.

■ GEORGE BUSH, JR., Respondent, *v.* HERTZ CORPORATION et al., Appellants.— Order, entered January 15, 1968, granting plaintiff a trial preference pursuant to CPLR 3403, unanimously reversed, on the facts and law and in the exercise of discretion, without costs and without disbursements. Plaintiff is a resident of New Jersey; the accident happened in Demarest, New Jersey. Defendant Hertz Corporation is a Delaware corporation, licensed to do business in both New York and New Jersey. Defendants Greenbaum Bros. are a partnership having their place of business in New Jersey only. Where plaintiff is a resident of New Jersey, the accident happened in that State, and the defendants are licensed to do business or have their place of business in New Jersey, plaintiff could have brought the action in New Jersey. In these circumstances, we do not think plaintiff should be granted a preference over other causes on our calendar. (*Defina* v. *Lehigh Val. R. R. Co.,* 211 App. Div. 870; *Burton* v. *Long Is. R. R. Co.,* 89 N. Y. S. 2d 583; *Tufts* v. *National Transp. Co.,* 87 N. Y. S. 2d 762.) Concur — Stevens, J. P., Steuer, McGivern, Rabin and McNally, JJ.