■ In the Matter of BERNARD WEINSTEIN, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered December 12, 1967, granting leave to respondent to sue appellant Motor Vehicle Accident Indemnification Corporation, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to abide the event, and the matter remanded to Special Term for a hearing. Upon the affidavits presented on the application the court is in no position to evaluate the situation and satisfactorily determine whether in compliance with the statutory mandate a proper report of the "hit-and-run" accident had in fact been made to the police or to a peace officer. (Insurance Law, § 608, subd. [b]; § 618; *Matter of Malitz v. MVAIC*, 17 A D 2d 108.) Concur — Botein, P. J.; Stevens, Eager, Steuer and Tilzer, JJ.

## (June 12, 1968)

■ In the Matter of ROBERT D. ARONSON et al., Respondents, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Appellants.— Order, entered June 10, 1968, unanimously reversed on the law and facts, without costs or disbursements, and the petition dismissed. Petitioners failed to sustain their burden of proof that the designating petition filed in behalf of Sidney Siller as a Democratic candidate for the office of Member of the Assembly, 63 A. D., in the primary election to be held June 18, 1968, was so permeated with fraud as to invalidate the entire petition. The thrust of the petitioners' proof is directed solely to isolated instances of fraudulent practices and irregularities affecting an insignificant number of the 1,223 signatures contained on 9 sheets out of a total of 120 sheets. There was no proof that the candidate himself participated in any such practice or irregularity. Moreover, if the 118 signatures appearing on these 9 sheets be stricken, a result which would disfranchise voters who signed correctly and in good faith, and for that matter even if all the signatures obtained by these subscribing witnesses be invalidated, there would still remain more than double the 350 valid signatures required by law. The proof of petitioners' inability to secure the attendance of material witnesses, although a ground for continuance of the hearing, if urged, did not in the circumstances here shift the burden of proof or entitle the petitioners to rest without establishing a prima facie case. "Where, as here, a petition containing the requisite number of signatures has been filed, the enrolled voters of a party should not be precluded from having the issue concerning the election of their designee determined by vote of the members of the party." (*Matter of Lefkowitz v. Cohen*, 262 App. Div. 452, 456, affd. 286 N. Y. 499.) Concur — Botein, P. J., Stevens, Eager, Capozzoli and Tilzer, JJ.

## (June 13, 1968)

■ TINITO SOTO, Respondent, v. AIDA SOTO, Appellant.— Order, entered November 16, 1967, unanimously modified, on the law, without costs or disbursements, the motion denied, the appointment of the guardian ad litem vacated and the matter remanded to Special Term, Part XII, for proceedings to complete service on the infant defendant in accordance with CPLR 309. The court was without power to appoint a guardian ad litem since jurisdiction was not acquired by service on the infant alone. (CPLR — Provisions; *Crouter v. Crouter*, 133 N. Y. 55, 61.) Concur — Botein, P. J., Stevens, Eager, Tilzer and Rabin, JJ.