■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR TILLMAN, Appellant. — Judgment, Supreme Court, New York County (Leff, J.), rendered on January 8, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sullivan, J. P., Ross, Lupiano and Lynch, JJ.

■ GUSTAVO CORDOBA, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Judgment of the Supreme Court, New York County (Fingerhood, J.), entered May 9, 1980 granting petitioner leave to bring suit against respondent reversed, on the law, without costs, and the matter remanded for hearing. On October 2, 1979, petitioner, while riding a bicycle on the Queensboro Bridge, claimed he was hit by an unknown vehicle which thereupon left the scene. Petitioner, who was rendered unconscious by the accident, was taken to New York Hospital. He was given emergency treatment and released. He returned to the hospital the following day at which time it was ascertained that he was suffering from a ruptured spleen and a retroperitoneal hematoma. On October 4, he underwent an exploratory laparotomy and splenectomy with ligation of small retroperitoneal bleeding points. Petitioner remained hospitalized until October 17, 1979, on which day he was released. He was seen again at the hospital as an outpatient on October 22, when he was discharged. On October 23 he filed a report of the accident with the police. Subdivision (b) of section 608 of the Insurance Law, so far as here pertinent, provides that the protection afforded by article 17-A of the Insurance Law (Motor Vehicle Accident Indemnification Corporation Law) shall be available to qualified persons having a cause of action for death or bodily injury arising out of an accident occurring in this State upon condition that the accident is reported to the police within 24 hours after the occurrence. Failure to make such report within the proscribed time "shall not prejudice the rights of any person filing hereunder if it shall be shown not to have been reasonably possible to make such a report or that a report was made as soon as was reasonably possible." Here the injury occurred on October 2, 1979. Report thereof was not made until October 23. Even if we assume that petitioner could not make the report while he was confined to the hospital, the fact is that he was released therefrom on October 17. The report was not made until October 23. Whether petitioner's condition was such as to preclude the reasonable possibility of making a report prior to October 23 thus becomes a disputed issue of fact which may be determined only after a hearing *(Matter of Malitz v MVAIC*, 17 AD2d 108; *Matter of Weinstein v MVAIC*, 30 AD2d 651). We remand for that purpose. Concur — Markewich, J. P., Lupiano, Silverman, Bloom and Fein, JJ.