■ In the Matter of SHAWN CARTER, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [852 NYS2d 915]—

Memorandum: Petitioner, allegedly the victim of a hit-and-run accident, appeals from an order denying his application for an order permitting him to commence an action against respondent pursuant to Insurance Law § 5218. We agree with petitioner that, by the affidavit of his attorney, he established the applicability of the presumption that he delivered the requisite notice of claim to respondent by mail (*see Nassau Ins. Co. v Murray*, 46 NY2d 828, 829 [1978]; *see generally* Insurance Law §§ 5208, 5218 [b] [1]), and that respondent failed to rebut that presumption (*see Nassau Ins. Co.*, 46 NY2d at 829-830). We further agree with petitioner that, on the record before us, Supreme Court erred in denying his application without conducting a hearing pursuant to Insurance Law § 5218 (b) to enable him to establish that he made "all reasonable efforts . . . to ascertain the identity of the motor vehicle and of the owner and operator" (§ 5218 [b] [5]; *see Matter of O'Rourke v Motor Veh. Acc. Indem. Corp.*, 29 AD2d 938 [1968]; *Matter of Malitz v Motor Veh. Acc. Indem. Corp.*, 17 AD2d 108 [1962]). We therefore reverse the order and remit the matter to Supreme Court for a hearing pursuant to Insurance Law § 5218 (b) (5). Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.