Jacob J. Schwartzwald, J.
Plaintiff as administrator of the estate of a deceased person applies for leave to sue the defendant Motor Vehicle Accident Indemnification Corporation.
*695 From the papers and exhibits submitted, it appears that the decedent resided at a specified address in Brooklyn at the time of the accident on January 10, 1959; that the accident occurred at a particular location on the west side of Rockaway Parkway in Brooklyn; that the decedent was struck by an automobile while crossing the said thoroughfare from the east side to the west side thereof; that the description of the vehicle as well as the identities of the owner and operator are unknown; that reasonable efforts have been made to ascertain the identity of the auto as well as the owner and operator of the vehicle, and that neither the identity of the owner nor operator can be established. It also appears therein that the applicant has complied with section 608 of the Insurance Law and meets the definition of a qualified person under subdivision b of section 601 of the Insurance Law. Also, decedent was not at the time of the accident operating an automobile, nor is the instant application being made on behalf of an insurer.
The court is satisfied that the applicant has made a sufficient showing of compliance with the provisions of section 618 of the Insurance Law, warranting the issuance of an order granting permission to bring an action against the defendant.
In attacking the sufficiency of the applicant’s factual averments, defendant presents for the court’s consideration, generally, the highly speculative possibility of fraud and mistake entering into “hit-and-run” situations. But, bearing in mind the fact that the injured party was a pedestrian 76 years of age, was, from information appearing in a police aided card, presumably supplied by the decedent, a victim of a hit-and-run accident, was given first-aid treatment by an ambulance from Kings County Hospital following the accident on January 10, 1959, and was deceased 13 days later, and there being evidence that no trace of the identity of the automobile could be found, it would certainly be incumbent upon the defendant to come forward with evidence to the contrary, if any such evidence exists, rather than with conjecture and hypothesis. Before concluding, the court wishes to bring to the defendant’s attention that the moving papers in the case of Klein v. Motor Vehicle Acc. Indem. Corp. (N. Y. L. J., Oct. 30, 1959, p. 15, col. 4, Brenner, J.), upon which the defendant heavily relies were in fact, as the court therein found, “ almost wholly barren of material averments of fact # * *In that respect the Klein case is completely distinguishable from the instant application as above indicated in detail.
Motion granted. Settle order on notice.