Louis L. Friedman, J.
This is an application pursuant to section 618 of the Insurance Law for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as the Corporation) for personal injuries caused to an infant pedestrian who was allegedly struck by an unidentified motor vehicle.
The petition of the guardian ad litem shows that the injured infant was six years of age at the time of the accident; that he was taken to the hospital by the operator of the offending vehicle who then departed from the hospital without identifying himself. It does not appear that anyone was with the infant when the accident happened.
The Corporation opposes the application upon the ground that petitioner has failed to show compliance with so much of section 618 as requires a satisfactory showing that the applicant has a good cause of action against the operator or owner of the motor vehicle involved and that all reasonable efforts have been made to ascertain the identity of the motor vehicle and its owner or operator. Specifically, the Corporation contends that no evidentiary facts have been presented by petitioner to substantiate the cause of action and to support the conclusory statement that all reasonable efforts were made to establish identity. It is not claimed that the petitioner does not otherwise come within the purview of the Motor Vehicle *934 Accident Indemnification Corporation Law (Insurance Law, art. 17-A, § 600 et seq.).
In the circumstances disclosed by the papers before the court, the objections raised are not well taken. The papers submitted show sufficient facts to justify the conclusion that applicant has complied with the prerequisite that “ all reasonable efforts ’? have been made to ascertain identity. The police blotter aided card submitted with the opposing papers, while giving some details about the accident, shows that the automobile and its driver and owner are unidentified. Under such circumstances, the injured infant is the victim of a hit-and-run accident. The application is accordingly in all respects granted. (Cf. Horwitt v. Motor Vehicle Acc. Ind. Corp., 21 Misc 2d 694.)