Nathaniel T. Helman, J.
Petitioner has applied for an order pursuant to section 618 of the Insurance Law authorizing the commencement of an action against the Motor Vehicle Accident Indemnification Corporation, to recover damages for personal injuries sustained by petitioner in a “ hit and run ” accident. Compliance with the requirements of section 608 (subd. [b], cl. [2]) of the Insurance Law is claimed on the basis of affidavits of petitioner and his attorneys that the accident was reported to the police within 24 hours of the occurrence. The name and shield number of one of the patrolmen on the scene is submitted and verification of the report to him of the occurrence appears in the affidavits of the attorneys, who state that the officer *490 acknowledged to them his full recollection of the incident. No corroboration, however, of the alleged report of the accident appears in the records of the Police Department. The motion papers having been served two weeks prior to the return date, it would appear that MVAIC had ample opportunity to check with the police officer named by the attorneys, all of the matters set forth in their affidavits. The statutory direction that the accident be “ reported within twenty four hours ” does not require more of the claimant than a “ report ”. A failure by the police authorities to record the report does not invalidate an otherwise proper claim. It may be noted that the additional language at the end of subdivision (b) of section 608 of the statute, to the effect that the 24-hour requirement may be modified “if it shall be shown not to have been reasonably possible to make such a report or that a report was made as soon as possible ”, is expressive of the legislative intent not to strictly construe the 24-hour requirement. In any event, the circumstances related in the moving affidavits require a finding of reasonable compliance with the provisions of the statute. (Horwitt v. Motor Vehicle Acc. Ind. Corp., 21 Misc 2d 694; Matter of Silva v. Motor Vehicle Acc. Ind. Corp., 31 Misc 2d 933.)
A more interesting question has been raised with regard to the nature of this occurrence as a “ hit and run” case within the meaning of the statute. Petitioner states that the driver of the vehicle went with him to the patrolman to describe the incident, took petitioner to the hospital for treatment for his injuries, and thereafter disappeared. It is urged that since the driver had not left the scene of the occurrence, the patrolman could not have been apprised of a “ hit and run ” accident within the meaning of the statute. But sections 617 and 618 in their employment of the words ‘ ‘ Hit and run ’ ’ did not embrace the wording nor the intent of the penal provisions of the Vehicle and Traffic Law (former § 70, subd. 5-a, as amd. by L. 1937, ch. 200, now contained in Vehicle and Traffic Law, § 600, entitled, “ Leaving scene of accident without reporting ”). Neither in the legislative purpose section (Insurance Law, § 600), nor in the “ definitions ” section (§ 601) do we find any further elaboration of the meaning of the quoted words than what is contained in section 618, namely, “ the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained ”.
It would therefore appear that the only additional burden cast upon this applicant by section 618, was to comply with the requirements of section 608 (§ 618, subd. [a], cl. [1]). The latter section requires only a report of the “ occurrence ” to *491 a police officer within the period fixed by law. That the driver vanished later did not alter the efficacy of a timely communication by petitioner to the police of the “ occurrence ”. Motion granted.