In the Matter of GEORGE E. DARBY, JR., by GEORGE E. DARBY, His Father and Natural Guardian, Claimant, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.

Supreme Court, Trial Term, New York County, January 26, 1967.

*Martin E. Mandel* for claimant. *Carroll & Spencer* for respondent.

EMILIO NUNEZ, J. By order of Mr. Justice McCAFFREY entered September 8, 1965, arbitration herein was stayed pending a hearing to determine " whether or not the situation herein involves a ' hit and run ' occurrence, whether or not the actual identity is lacking and whether timely notice of the accident was given to the proper authorities, all within the terms and conditions of the standard New York Automobile Accident Indemnification Endorsement."

The trial of the issues thus framed was had before me and I find as follows: On June 1, 1964, the infant plaintiff, nine years of age, was struck by an automobile on Linden Boulevard and 168th Street in Queens County near his home. The driver of the automobile came to the infant's aid, took him in his car to his mother's house nearby and from there went to the hospital with the injured boy and the mother. The child received medical treatment at the hospital. The driver spoke to the hospital authorities. After treatment the driver of the automobile transported the mother and the infant plaintiff back to their home. The driver identified himself to the mother as Joseph Williams and gave her a piece of paper with his name, address and telephone number written thereupon. The mother called the police at the local precinct on the day of the occurrence and reported the accident. The next day and within 24 hours the mother called at the local precinct and reported the accident in person to the police of the City of New York. The records of the Police Department failed to disclose the existence of the report of the accident. The statutory direction that the accident be " reported within 24 hours " does not require more than a " report ". Failure by the police authorities to record the report does not invalidate an otherwise proper claim. (See *Matter of Casanova v. M. V. A. I. C.*, 36 Misc 2d 489.)

The mother called the telephone number left by the driver and was informed that no such person as Joseph Williams was known there. The mother then called in person at the address written upon the piece of paper which the driver had given her and found that it was a nonexistent address and that Joseph Williams could not be located. I find upon the evidence that Mrs. Darby, the injured boy's mother, was deceived by the driver of the automobile and she accepted in good faith his name and address as his true identity. I find further that she has attempted with due diligence to ascertain the identity of both the driver and the owner of the automobile involved in the accident, to no avail.

While, in the statute (Accident Indemnification Law [Insurance Law], § 617) and in the insuring agreement of a Standard New York Automobile Accident Indemnification Endorsement the term " hit and run " is used, I feel it is a misnomer. At least, the word " run " is a misnomer because no running of any kind is contemplated either by the statute or by the endorsement. Both require as a prerequisite to liability: (1) that there be physical contact of the automobile involved either with the injured person or with another automobile and (2) that the identity of the driver or the owner be unascertainable. In the case before me both conditions have been met. The automobile involved struck the injured boy and the identity of the driver and the owner is unascertainable.

In this case we have a helpless nine-year-old boy who must depend upon others to ascertain the identity of the driver or owner of the automobile which struck him. The boy very logically depended upon his mother. Perhaps a more sophisticated mother would have taken the license number of the automobile, have demanded that the driver exhibit his operator's and ownership license and have insisted that a policeman be present either at the scene of the accident, at her home or at the hospital, but I do not feel that this injured boy should be held responsible for the failures of his mother. I feel very strongly that one of the purposes of the Accident Indemnification Law is to protect persons in the infant plaintiff's situation.

I find after trial that the situation herein involves a " hit and run " occurrence and that the actual identity of the driver or owner of the automobile is lacking and I further find that timely notice of the accident was given to the proper authorities, all within the terms and conditions of the standard New York Automobile Accident Indemnification Endorsement.