■ In the Matter of META P. GLASS, Appellant, v. THEODORE GLASS, Respondent.— In a support proceeding, petitioner appeals from two orders of the Family Court, Westchester County, (1) one dated June 12, 1968, which *inter alia* dismissed the proceeding insofar as it was for her support, on the ground that she was no longer the wife of respondent because of an ex parte Nevada divorce which she, herself, had obtained and whose validity she allegedly was estopped to attack, and (2) one dated July 30, 1968, which *inter alia* directed respondent to pay $15 a week for support of the child of the parties and granted respondent visitation privileges for three hours on every Saturday. Orders reversed, on the law and in the exercise of discretion, without costs, and proceeding remitted to the Family Court for further proceedings in accordance herewith. Pending the completion of said further proceedings and a determination thereon by the Family Court, respondent shall continue to pay $15 a week for support of the child of the parties, as set forth in the order dated July 30, 1968, and shall not be afforded visitation with the child. The findings of fact below have not been considered on these appeals. In our opinion this record is inadequate for us to make a proper determinaton of the issues. The proceeding must therefore be remitted to the Family Court for a full development of all the facts in an adversary hearing whereat, *inter alia*, proof may be adduced as to the psychiatric condition of the parties. Pending such hearing and a determination thereon by the Family Court, we deem it advisable, in the interest of justice and in the exercise of our discretion, that respondent continue to pay $15 a week for support of the child, but that he not be afforded visitation with the child. These interim determinations of ours are not to be taken as an expression of our opinion as to what determination should be made after a full development of the facts at an adversary hearing. Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of the Estate of ALBERTA KING, Deceased. WINFIELD KING, Appellant; JOHN Z. DERBY, Special Guardian, Respondent.— Appeal by the administrator, the decedent's husband, from a decree of the Surrogate's Court, Kings County, dated May 19, 1967, which (1) confirmed the report of a Referee, (2) denied a cross application to disaffirm the report, and (3) adjudged that the decedent died survived by a son, Harold Johnson, and that said Harold Johnson was an intestate distributee of the decedent and entitled to one half of her estate. Decree affirmed, with costs to respondent, payable out of the estate. One of the exhibits before the Referee was a copy of a South Carolina birth certificate. That certificate was filed February 19, 1943 and signed by Albertha Johnson King as mother. It states her address in Brooklyn, New York, and recites that a boy child named Harold Johnson was born to Alberta Johnson on April 8, 1916 in Charleston. There is no claim that the transcript was not properly authenticated; and we are of the opinion that it was admissible in evidence as a declaration in regard to pedigree (cf. *Aalholm* v. *People*, 211 N. Y. 406, 412–413). The decedent's relationship to Harold Johnson, the claimant here, was sufficiently shown by the identity of names and similarity of residence (cf. *Young* v. *Shulenberg*, 165 N. Y. 385, 388–389; *Layton* v. *Kraft*, 111 App. Div. 842, 845–846). The birth certificate established, prima facie, that Harold Johnson was the decedent's son and the Referee's finding to that effect was warranted in view of the complete absence of any proof to the contrary. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.