■ In the Matter of the Arbitration between Edward Davis, an Infant, by Victoria Davis, His Mother and Natural Guardian, Respondent, and Motor Vehicle Accident Indemnification Corporation, Appellant.— Order and judgment (one paper) entered March 21, 1969, vacating stay of arbitration and dismissing petition therefor, reversed on the facts and law, with $30 costs and disbursements to the appellant, the application granted, and arbitration permanently stayed. The issue is whether the accident was reported to the police within the 24-hour period pursuant to the New York Accident Indemnification Endorsement relative to hit-and-run automobiles. The 13-year-old infant plaintiff claimed he was injured on March 16, 1965, while riding his bicycle, when he was allegedly struck by a motor vehicle. Plaintiff mounted his bicycle and proceeded to his home. His mother proceeded to the hospital with him. He did not inform her he had been struck by a hit-and-run automobile until the

fourth day of his hospitalization. She reported the accident to the police on March 21, 1965, which was, by her own testimony, 26 hours after she learned that her son had been the victim of a hit-and-run driver. It is the infant's position that he was afraid to disclose the true facts. The accident is alleged to have happened on March 16, 1965, at 2:30 P.M. The report to the police was made on March 21, at 5:00 P.M., 5 days subsequent to the alleged occurrence. The hospital records show an injury to the left foot caused by the chain on the bicycle while riding. There is no mention of any motor vehicle. If claimant, almost 14 years of age at the time of the occurrence, advised his mother of the accident when he arrived home, the accident could have been reported almost immediately after its occurrence. The boy's mother admitted she had a telephone in her apartment on the day of the accident. The boy was able to ride his bicycle home and remained in his home for a few hours before being taken to the hospital. In the circumstances, the infancy of the claimant does not excuse the failure to report the occurrence within the prescribed time limit. (*Matter of Ithier* v. *MVAIC*, 31 A D 2d 616.) Moreover, more than 24 hours elapsed after the mother allegedly learned of the hit-and-run automobile and before she reported the occurrence to the police. Concur — Eager, J. P., Tilzer, McGivern, McNally and Steuer, JJ.