Israel Rubin, J.
By order of Mr. Justice Helman dated March 1, 1976, a trial has ben directed on the preliminary issue of whether the plaintiff has complied with the require *383 ments of subdivision (b) of section 608 of the Insurance Law that the alleged "hit and run” accident was reported to the police within 24 hours or as soon as reasonably possible following the occurrence.
The plaintiff was struck by an automobile on December 14, 1972 at approximately 8:30 a.m. as he was crossing Utica Avenue in Brooklyn, New York. It is alleged that the vehicle fled the scene of the occurrence without stopping and that there is no way to identify the automobile, its owner or operator.
The plaintiff was taken to Kings County Hospital where he received treatment. He remained at the hospital for a few hours and then went home where he remained until the following day. The next day, between 8:00 a.m. and 10:00 a.m., he made a telephone call to the police from a booth by dialing the police number 911. The defendant was unable to obtain the police records to ascertain if there was a record of the call.
As to the 24-hour notice, while the testimony of the petitioner indicates a notice period of between 23 Vz - 25 Vz hours, the court finds that a telephone call was made within 24 hours or as soon as reasonably possible following the occurrence.
A more interesting question has been raised by the manner of the notice given to the police. The only notice given to the police was by telephone and to the police emergency number 911. It is the defendant’s contention that it would be impossible to refute this type of testimony and that such is not the notice required by subdivision (b) of section 608 of the Insurance Law. The section itself mandates a report within 24 hours but makes no reference to the type of report to be given.
It was the purpose of the Legislature in setting up the Motor Vehicle Accident Indemnification Corporation Law to afford to the injured person the same protection as he would have if the tort-feasor was covered by insurance. (Matter of Phelan [MVAIC], 52 Misc 2d 341, affd 31 AD2d 758.) In so considering this purpose, we must give words a meaning which serve rather than defeat the ends intended by the Legislature (Matter of Taub [MVAIC], 31 AD2d 378; MVAIC v Eisenberg, 18 NY2d 1). The statute cannot be narrowly construed but a liberal construction is mandated to accomplish the protection sought to be given (Matter of Taub [MVAIC], supra).
*384 Using the guidelines above set forth, this court cannot so narrowly construe subdivision (b) of section 608 as to require written or in personam notice to the police. Had the Legislature so intended, it could have easily been set forth in the statute.
While there are no cases directly in point as to a telephone notification to the police, the Appellate Division, First Department, in reversing a lower court order relating to notice stated "The boy’s mother admitted she had a telephone in her apartment” (Matter of Davis [MVAIC], 33 AD2d 663, 664).
Each case must, therefore, depend on the evidence set forth and the credibility of the witnesses.
Accordingly, the court finds that a telephone call was made to the police within 24 hours or as soon as reasonably possible following the occurrence and that the plaintiff has complied with subdivision (b) of section 608 of the Insurance Law. Plaintiff is granted leave to sue the defendant, Motor Vehicle Accident Indemnification Corporation.