In the Matter of ALFRED DIXON, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—In a proceeding pursuant to section 618 of the Insurance Law, petitioner appeals from an order of the Supreme Court, Kings County, dated May 10, 1976 which denied, after a hearing, his application for leave to sue the respondent Motor Vehicle Accident Indemnification Corporation (MVAIC) and dismissed the petition. Order reversed, without costs or disbursements, and proceeding remanded to Special Term for a new hearing in accordance herewith. On December 21, 1973 petitioner sustained personal injuries as the result of being struck by an alleged "hit and run vehicle". Petitioner moved for leave to institute an action against the respondent MVAIC pursuant to section 618 of the Insurance Law. The respondent opposed the motion, contending that an issue of fact existed as to whether the police were notified of the accident pursuant to subdivision (b) of section 608 of the Insurance Law, and that said issue precluded a summary disposition of the motion. Subdivision

(b) of section 608 mandates, in pertinent part, that a report of the hit-and-run accident be made to the police within 24 hours of the accident or, if not reasonably possible within that period, then as soon thereafter as is reasonably possible. At the hearing conducted by the Special Term, petitioner's counsel produced a witness, a Mr. Lane, who actually saw the accident and who testified with respect thereto. After petitioner was struck, the witness approached him and then hurried to a telephone at a nearby apartment, where he dialed "O" and asked the operator to contact the police and to get an ambulance. He then returned to the scene of the accident and remained with the petitioner until the ambulance arrived 45 minutes later. He accompanied the petitioner to the hospital, where he remained for approximately 40 minutes. The witness admitted that he never spoke to the police directly. Moreover, it is conceded that the police never arrived at the accident scene and were not present at the hospital during the time that the witness was there. Finally, petitioner's attorney conceded that, if police witnesses were to be called, they would state that they had no record of the accident. However, in a reply affidavit submitted on the application, petitioner deposed that the "Police were at the hospital asking me what had happened and I told them." Petitioner's counsel did not call petitioner as a witness at the hearing, apparently operating under the assumption that (a) petitioner, as the injured party, was not in a position to relate what had transpired at the time of the accident (i.e., petitioner was apparently unconscious shortly after the accident) and (b) that the telephone call by Mr. Lane to the operator was sufficient notice to the police under subdivision (b) of section 608 of the Insurance Law. Petitioner's counsel offered to bring his client in if the court so desired. In response to this offer, the court asked petitioner's counsel if he had concluded his case. Petitioner's counsel answered in the affirmative. The Special Term denied petitioner's application on the ground that timely notification of the hit-and-run accident had not been given to the police. In our view, under the circumstances herein, the petitioner should have been afforded the opportunity to testify in his own behalf. The thrust of petitioner's proof at the hearing, as adduced through the testimony of Mr. Lane, was that the hit-and-run accident occurred and that Mr. Lane gave notice to the police through a telephone call to the telephone company operator. It must be noted that the statute does not require the injured party to make the report. Subdivision (b) of section 608 of the Insurance Law states that the protection provided by the MVAIC is available to "Any qualified person having a cause * * * of action * * * arising out of a motor vehicle accident * * * reported within twenty-four hours" (see, also, *Matter of Davis [MVAIC]*, 33 AD2d 663). Moreover, the statute is silent regarding the type of report which is to be made to the police. In *Gordon v MVAIC* (NYLJ, Aug. 4, 1976, p 9, col 3) petitioner, injured by a hit-and-run driver, called the police several hours after the accident through the police emergency number, "911". Petitioner in *Gordon* was unable to discover if the police had in fact received the call. The insurer argued that it would be impossible to refute this type of testimony and that notice through the emergency telephone number, "911", did not satisfy the statute. The court in *Gordon* granted petitioner's application, noting that the legislative purpose in establishing the MVAIC was to afford the injured person the same protection he would have if the tort-feasor were covered by insurance and that the statute should be liberally construed to serve rather than defeat those ends (see *Matter of Taub [MVAIC]*, 31 AD2d 378, 381; *Matter of Phelan [MVAIC]*, 52 Misc 2d 341, affd 31 AD2d 758; *Matter of Jones v MVAIC*, 19 NY2d 132, 136). Moreover, it is evident that the

Legislature provided for prompt notification to the police in order to prevent the filing of fraudulent claims (see *Matter of Boxill v MVAIC,* 33 AD2d 13). In *Matter of Casanova v MVAIC* (36 Misc 2d 489, 490), the court stated that "A failure by the police authorities to record the report does not invalidate an otherwise proper claim". It is clear, therefore, that each application brought pursuant to this statute must depend upon the evidence adduced and the credibility of the witnesses. In our view the testimony of the disinterested witness, that he saw the hit-and-run accident and thereupon called the telephone operator and advised her to call the police and an ambulance, could satisfy the notice requirement of the statute, if the Special Term believed that the operator in fact called the police. In resolving this issue, Mr. Lane's testimony that an ambulance came to the scene served to corroborate the fact that the operator called an ambulance. Similarly, petitioner's allegation in his reply affidavit that the police came to the hospital (and that he spoke to them there), if believed by the Special Term, would have served to corroborate the fact that the operator also called the police. However, petitioner was never given the opportunity to provide that corroborative testimony in view of Special Term's refusal to allow him to reopen his case and testify in his own behalf. (Of course, petitioner's testimony, if believed by the Special Term, could also serve to show that petitioner spoke to the police and that, by doing so, he himself gave notice to them of the accident.) Accordingly, the proceeding is remanded to the Special Term for a new hearing on the issue of whether proper and timely notice of the hit-and-run accident was given to the police. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.