[No. 21987–1–I.   Division One.   May 30, 1989.]

BRADLEY J. GOBIN, ET AL, *Plaintiffs*, v. ALLSTATE INSURANCE COMPANY, *Respondent*, CHRISTINE W. HENRY, ET AL, *Appellants*.

*Russell B. Juckett* and *Paul Burns,* for appellants.

*Keith A. Bolton* and *Peterson, Lycette & Snook,* for respondent.

WEBSTER, J.—Christine Henry appeals a summary judgment declaring that she has no underinsured motorist claim for personal injuries she sustained in an automobile accident. The principal issue is whether a passenger in Henry's car may corroborate her allegation that an unidentified hit–and–run, or "phantom vehicle", caused her accident.

## FACTS

Henry drove her car into a tree at 2:30 a.m. on January 24, 1987. She injured herself and others riding in her car.

An Allstate insurance policy insured Henry against liability claims. The policy also provided personal injury protection (PIP) and underinsured motorist (UIM) coverage as

well. UIM benefits were payable only if another vehicle caused the accident.

Allstate paid PIP benefits to Henry and the others riding in her car. Allstate also paid a liability claim in favor of two of Henry's passengers.

Henry applied for UIM benefits, but Allstate denied her claim. Allstate maintained that testimony by one of Henry's passengers was insufficient to establish that a hit–and–run vehicle caused the accident.

## INDEPENDENT CORROBORATION

Insurers may condition UIM benefits on corroboration when a claimant alleges that a "phantom vehicle" caused the harm for which benefits are sought. *See* RCW 48.22-.030(8). A "phantom vehicle" is one which "has no physical contact with the insured or the vehicle which the insured is occupying at the time of the accident". RCW 48.22.030(8). Corroboration may be required from someone other than (1) "the insured" or (2) "any person having an underin-sured motorist claim". RCW 48.22.030(8)(a). When a policy so provides, a witness in either class may not provide the necessary corroboration. *Powell v. Viking Ins. Co.,* 44 Wn. App. 495, 500, 722 P.2d 1343 (1986).

Henry's policy speaks of "the insured person or any *other* person having an uninsured motorist claim". (Italics ours.) The word "other" necessarily implies that "the insured" has a UIM claim. Thus, under Henry's policy, the only per-sons who may not provide the necessary corroboration are persons with UIM claims.

Henry attempted to use one of her passengers as a cor-roborating witness. The passenger appeared to be unharmed immediately after the accident. However, the passenger received treatment on the night of the accident and complained of pain in her lower back, left hand, and hip. An emergency room doctor diagnosed the passenger's injuries as a "strained back" and a "contusion" on her left hand. The passenger told a paralegal 10 days after the accident that she was not receiving medical treatment.

However, she confirmed that she had bruised her left hand and that she had suffered a sore back.

Allstate paid the passenger $431.01 in PIP benefits, consisting of medical bills. The quoted figure arguably encompassed all of the passenger's medical expenses. However, Henry did not establish this.

Nor did Henry establish that the passenger was compensated for pain and suffering. Under the policy's UIM coverage, the passenger was entitled to recover from Allstate to the same extent as from an underinsured motorist. *See* RCW 48.22.030(3). The evidence suggests that the passenger had a claim for pain and suffering which remains unpaid. *See Grange Ins. Ass'n v. Hubbard,* 35 Wn. App. 407, 667 P.2d 121 ("bodily injury" encompasses pain and suffering), *review denied,* 100 Wn.2d 1023 (1983); *West Am. Ins. Co. v. Buchanan,* 11 Wn. App. 823, 525 P.2d 831 (1974) (same).

Notably, the passenger signed a release in favor of Henry and Allstate. However, the release on the face of it appears to apply only to claims against Henry, and derivatively Allstate, and not claims against the alleged "phantom" driver. The release speaks of "responsibility or liability" for the accident on the part of Henry and Allstate. It makes no mention of UIM claims against Allstate because of a phantom driver. Referring to the release, Henry's attorney averred at summary judgment that it applied to "the liability portion" of Henry's policy. Implicitly, then, the release does not apply to claims under the UIM portion of Henry's policy. Henry does not even refer to the release in her brief. She thus concedes that it does not apply to UIM claims. We accordingly construe the release as not barring claims by Henry's passenger against the alleged phantom driver, and derivatively against Allstate. So construed, the release fails to qualify the passenger as a corroborating witness.

EQUAL PROTECTION

Henry argues alternatively that RCW 48.22.030(8)(a) violates equal protection by permitting insurers to deny UIM claims based on insufficient corroboration.

██ Henry's argument might as well be leveled against the statute of frauds. The obvious purpose of the "phantom vehicle" statute is to prevent fraudulent claims. *See Powell v. Viking Ins. Co.*, 44 Wn. App. 495, 501, 722 P.2d 1343 (1986). A "phantom vehicle" is one which does not make contact with the claimant's car, RCW 48.22.030(8); hence, the need for testimony from someone other than the claimant or anyone else who stands to benefit from proof of a "phantom vehicle." The requirement of corroboration means that meritorious claims will occasionally be denied, but this is an ill which only omniscience can cure. The requirement is rationally related to a legitimate legislative objective and applies alike to all "phantom vehicle" claimants. Thus, it does not violate equal protection. *See Skagit Motel v. Department of Labor & Indus.*, 107 Wn.2d 856, 860, 734 P.2d 478 (1987).

We affirm, because the uncontroverted evidence establishes that Henry's passenger suffered "bodily injury" as a result of Henry's accident. Thus, the passenger *had* a UIM claim. The only question at summary judgment was whether that claim continued. Henry had the burden of establishing that it did not, given the undisputed evidence. *See Graves v. P.J. Taggares Co.*, 94 Wn.2d 298, 302, 616 P.2d 1223 (1980).

Henry failed to show that her corroborating witness was without a UIM claim. Henry did not prove that PIP payments completely compensated the passenger's medical expenses. Nor did Henry establish the absence of a UIM claim for pain and suffering. Finally, because the release applies only to liability claims, it does not rebut the inference that Henry's passenger still has a UIM claim.

Affirmed.

Pekelis and Forrest, JJ., concur.