575 A.2d 626

James JACKSON Appellant

v.

PENNSYLVANIA FINANCIAL RESPONSIBILITY
ASSIGNED CLAIMS PLAN and the Travelers
Insurance Company

v.

James MCQUILLAR and Rodney Gardner, Jr.
and Verna E. Burke.

Superior Court of Pennsylvania.

Argued Dec. 13, 1989.

Filed May 29, 1990.

T.J. Scully, Philadelphia, for appellant.

Michael Senoyuit, III, Glen Mills, for Pennsylvania Financial and the Travelers Ins., appellees.

Before BROSKY, WIEAND and JOHNSON, JJ.

## OPINION

PER CURIAM:

In this action for uninsured motorist benefits, the trial court determined that the vehicle allegedly responsible for the claimant's injuries was not uninsured and entered summary judgment in favor of the assigned carrier. The claimant has appealed.

James Jackson was injured while riding as a passenger in a vehicle being driven by James McQuillar when it was struck in the rear by a vehicle driven by a third person who identified himself as "Rodney Gardner, Jr." Jackson filed an action against the Pennsylvania Assigned Claims Plan and Travelers Insurance Company, the designated carrier, for first party and uninsured motorist benefits. Travelers paid first party benefits in the amount of five thousand ($5,000.00) dollars but denied liability for uninsured motorist benefits.

The vehicle being driven by Gardner was traced by registration number to Verna Burke, and she was joined as an additional defendant in the action.[1] She, however, denied that her vehicle had been involved in the accident and asserted further that her vehicle had not been out of her

[1]. Also joined as an additional defendant was Rodney Gardner, Jr., but attempts to effect service on him have been unsuccessful. The address given for such service proved to be non-existent.

possession at the time of the accident. Her vehicle, moreover, was insured. The parties have agreed that the other vehicle either bore registration number HLH 144 and was owned by Verna Burke, or it was unidentified.

An unidentified vehicle is uninsured if it "causes an accident resulting in injury providing the accident is reported to the police or proper governmental authority and the claimant notifies his insurer within 30 days, or as soon as practicable thereafter, that the claimant ... has a legal action arising out of the accident." 75 Pa.C.S. § 1702(3).

The trial court determined that the vehicle which struck the McQuillar vehicle was not an uninsured vehicle. If the vehicle was owned by Burke, the vehicle was insured. If it was not a vehicle owned by Burke, the vehicle was unidentified. Because it was admitted that the accident had never been reported to the police, however, the court held that it would not qualify as an uninsured motor vehicle under the statute. Because the language of the statute was clear, the court said, Jackson was not entitled to recover uninsured motorist benefits from the assigned carrier.

Appellant argues that the statute should be applied liberally to permit the recovery of benefits. Therefore, he contends, the statute should be interpreted to require only that drivers of vehicles report to the police accidents involving unidentified vehicles. As such, the statute would have no effect on claims by passengers. This, however, would emasculate the purpose of the statute,[2] for it would make uninsured vehicles of all unidentified vehicles so long as the claimants were not drivers. Such a rule would entail not merely an interpretation of the statute but a rewriting of the statute. The language of the statute is clear. An unidentified vehicle can qualify as an uninsured vehicle only if an accident involving the unidentified vehicle has been reported to the police within thirty (30) days, or as

---

2. The purpose of the statute was to prevent fraud and the attempted recovery of benefits in cases where accidents were alleged to have been caused by "phantom" vehicles. See: Ronca, Sloane and Mundy, Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law, § 6.5.

soon thereafter as practical. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b); *Cooke v. Travelers Insurance Company*, 350 Pa.Super. 467, 470, 504 A.2d 935, 936 (1986); *Mowery v. Prudential Property & Casualty Ins.*, 369 Pa.Super. 494, 503, 535 A.2d 658, 663 (1988).

Judgment affirmed.