617 A.2d 808

**Michael HATCHER, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Aug. 25, 1992.

Filed Dec. 11, 1992.

Quentin Brooks, Philadelphia, for appellant.

Thomas P. Muldoon, Philadelphia, for appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge.

Michael Hatcher appeals from the grant of summary judgment for Travelers Insurance Company (Travelers) in his action for damages under the Assigned Claims Plan.

The sole question presented for appellate review is whether § 1702 of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701 *et seq.*, compels the production of the police accident report involving the injured claimant and the unidentified/uninsured vehicle in order for the claimant to avoid summary judgment when proceeding with a claim through the Assigned Claims Plan. We conclude that the trial court committed an error of law in interpreting § 1702 as compelling the production of a copy of the police accident report. We reverse and remand.

This Court's scope of review of a grant of summary judgment is plenary. *Briggs v. Erie Insurance Group,* 406 Pa.Super. 560, 594 A.2d 761 (1991). Applying the same standards as the trial court, we must accept as true all well-pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Id.* Summary judgment may only be granted if

there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* Pa.R.C.P. 1035(b). A grant of summary judgment will be overturned only if there has been an error of law or a clear abuse of discretion. *Tonkovic v. State Farm Mutual Automobile Insurance Co.*, 407 Pa.Super. 522, 595 A.2d 1269 (1991).

Hatcher was the non-moving party. Accordingly, we must accept as true all well-pleaded facts in his pleadings, and give him the benefit of all reasonable inferences. Hatcher maintains that he was walking with an acquaintance in Philadelphia. While they were waiting for a traffic light to change in their favor, an unidentified vehicle attempting a turn slid on the ice and struck Hatcher on his left side. The car sped off before either Hatcher or his friend could record the license number.

Hatcher, with his friend's assistance, sought immediate medical treatment at Germantown Hospital, located several blocks away. Hatcher was visited at the hospital by two Philadelphia police officers from the 14th police district. Hatcher reported the accident to the officers, describing the vehicle, how it struck him, and in what direction it proceeded afterwards. Hatcher had no further communication with the Philadelphia Police.

Hatcher brought an action for damages pursuant to the Assigned Claims Plan (Plan), 75 Pa.C.S. §§ 1751–1757 (part of the MVFRL), against Travelers, the designated carrier. The claim was referred to arbitration, wherein Hatcher was awarded $15,000.00. Travelers appealed the arbitration award to the trial court.

Travelers subsequently filed a Motion for Summary Judgment. The Motion stated, *inter alia,* that: (1) The purpose of the MVFRL, § 1702, is to prevent fraudulent claims from being presented to insurers for first party and uninsured benefits; (2) Section 1702 applies to Hatcher's claim under the Plan; (3) Hatcher had a duty to comply with § 1702 and report the incident to the police; (4) Hatcher had not been able to locate a copy of the police report regarding this incident, and, thus, had not provided Travelers with a copy of

the police report; (5) Travelers had used the services of an investigator in an effort to locate the police report, which failed to locate a copy of the police report; and, (6) Because Hatcher had failed to comply with the reporting requirement of § 1702, as interpreted by *Gallagher v. Pennsylvania Financial Responsibility Assigned Claims Plan,* Slip Op. No. 2537, Court of Common Pleas (Philadelphia, June 16, 1988), and *Jackson v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 394 Pa.Super. 274, 575 A.2d 626 (1990), Hatcher failed to state a claim upon which relief may be granted. Travelers' Motion for Summary Judgment, ¶¶ 1–10.

The trial court granted the Motion, stating that "[n]o evidence exists that [Hatcher] ever reported the accident to the police. Upon investigation no such record of an accident exists in police files and the plaintiff has been unable to produce a copy of said report." Opinion and Order, October 24, 1991. However, sufficient evidence exists, in the form of Hatcher's affidavit that the accident was reported to the police, to establish this as a genuine issue of material fact. Only if the police report must be produced in order to establish a *prima facie* case can the grant of summary judgment be upheld; otherwise, the trial court has committed an error of law.

We disagree with the trial court's expansive interpretation of § 1702. Regarding the interpretation of this statute, the intent of the legislature controls. As set forth in 1 Pa.C.S. § 1921:

### § 1921. Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

The statute in question, 75 Pa.C.S. § 1702, provides the definition of an uninsured motor vehicle for purposes of the

MVFRL, and is thus applicable in any action against the Plan. Section 1702 states, in pertinent part:

"Uninsured motor vehicle." Any of the following:

\* \* \* \* \* \*

(3) An unidentified motor vehicle that causes an accident resulting in injury provided the accident is reported to the police or proper governmental authority and the claimant notifies his insurer within 30 days, or as soon as practicable thereafter, that the claimant or his legal representative has a legal action arising out of the accident.

These words are clear and free from all ambiguity: an unidentified motor vehicle that causes an accident resulting in injury is an uninsured motor vehicle for purposes of the MVFRL only if the accident is reported to the police (or proper governmental authority). The statute does not require that a police report be produced by the claimant. Neither does the statute require the police report be produced; it only requires that the accident involving the unidentified vehicle be reported to the police. We will not expand the meaning of § 1702 without clear guidance from the General Assembly.

Travelers and the trial court based their position upon *Jackson v. Pennsylvania Financial Responsibility Assigned Claims Plan, supra.* In *Jackson,* this Court focused on the admission that the accident had never been reported to the police. We concluded that, given the clear and unambiguous meaning of § 1702, an unidentified vehicle can qualify as an uninsured vehicle only if the accident involving the unidentified vehicle has been reported to the police. *Jackson,* at 276, 575 A.2d at 627. In *Gallagher* it also was admitted that no police report had been filed. However, *Gallagher,* being an unpublished trial court opinion, has no precedential value for this Court. *Turner v. May Corp.,* 285 Pa.Super. 241, 427 A.2d 203 (1981).

Nonetheless, both cases are distinctly different from the issue presented by Hatcher, the claimant on this appeal. Here, Hatcher has supplied an affidavit, in response to the Motion, stating that he reported the accident involving the

unidentified car to two Philadelphia Police Department officers while still at Germantown Hospital. There is no basis in § 1702 for the leap the trial court makes from a claimant having to report the accident to now having to produce the accident report in order to avoid summary judgment.

This Court has previously stated that, in interpreting the Uninsured Motorist Act, and the No–Fault Act (repealed and replaced by the MVFRL), the statutes are to be construed liberally. *Brader v. Nationwide Mutual Insurance Co.*, 270 Pa.Super. 258, 264, 411 A.2d 516, 519 (1979). Our Supreme Court stated in *Harleysville Mutual Casualty Co. v. Bluming*, 429 Pa. 389, 395, 241 A.2d 112, 115 (1968), that "[t]he purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers." The MVFRL's chief policy goal is the establishment of a liberally compensatory scheme of uninsured and underinsured motorist protection. Ronca, Sloane and Mundy, *Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law*, (1986), p. 96. The liberal compensatory intent of the Uninsured Motorist Act is preserved, if not strengthened, in the MVFRL, because the MVFRL has essentially adopted the language of the Uninsured Motorist Act as to the purpose of uninsured motorist coverage. The MVFRL states, in pertinent part:

> Uninsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured vehicles.

75 Pa.C.S. § 1731(b).

Accordingly, we cannot conclude that requiring the claimant to produce the police accident report is in accord with the legislature's chief policy goal of establishing a liberally compensatory scheme. This Court is constrained to conclude that § 1702, in conjunction with the chief policy goal of establishing a liberally compensatory scheme and the purpose set forth in § 1731(b), requires only that a claimant report the accident to the police, and nothing more.

As there is no case law regarding whether a written report is required, we have looked to other sources to supplement our research. We find the text in the Corpus Juris Secundum instructive as to the question of whether a written report is required. 61A C.J.S. Motor Vehicles § 563.12 (1970 & Supp. 1992). This section concerns recovery against state indemnity funds or corporations for injuries suffered in hit-and-run cases where the offending motorist is unidentified or unknown, and recovery is predicated upon compliance with certain conditions fixed by statute, including reporting of the accident to certain designated authorities. Specifically, it states:

*Report to police or other authorities.* Under some regulations, report of the hit-and-run accident to the police department, within a specified time thereof, is made a condition precedent to relief. Ordinarily, what the injured person reported to the police concerning the occurrence of an automobile accident, claimed to have involved a hit-and-run automobile, is determinative of the question of compliance with the condition imposed by statute or required policy endorsement that the claimant report the accident. However, the failure by police authorities to record the report of a hit-and-run accident by the party seeking recovery does not invalidate an otherwise proper claim based on a report to the police.

*Id.* at § 563.12(a) (footnotes omitted).

This principle is followed in a series of cases from New York. New York had enacted the Motor Vehicle Accident Indemnification Corporation statute (MVAIC), N.Y.Ins. Law § 600 *et seq.* (now found at N.Y.Ins. Law § 5201 *et seq.* (Consol.1985)), which is essentially similar to our MVFRL and its Assigned Claims Plan. The purpose of the legislature in enacting MVAIC was to afford to the injured person the same protection as he would have if the tortfeasor was insured. *Gordon v. Motor Vehicle Accident Indemnification Corp.,* 90 Misc.2d 382, 394 N.Y.S.2d 509 (1976). As with our MVFRL, the MVAIC must be afforded a liberal construction in order to accomplish the protection sought to be given. *Id.*

When a person is injured by an unidentified vehicle, e.g., a hit-and-run, he files an action for damages against MVAIC. *Id.; see also Petition of Casanova,* 36 Misc.2d 489, 232 N.Y.S.2d 713 (1962). Under the New York statute, a claimant must file a report within 24 hours, or as soon as reasonably possible, with the police or other designated authority. N.Y.Ins Law § 608 (now N.Y.Ins. Law § 5208); *Casanova, supra; Gordon, supra.* Consistent with our holding in *Jackson,* the New York courts have found that failure by a claimant to comply with the reporting provision acts as a bar to a MVAIC claim.

In *Casanova,* though the claimant averred that he had reported the accident to the police within 24 hours, no corroboration of the alleged report appeared in the police department records. The New York court held that the statute did not require more of a claimant than to report the accident, and the failure of the police to record the report did not invalidate an otherwise proper claim. *Id.* Subsequently, in *Gordon,* after the accident the claimant went to a hospital for treatment, remained there for several hours, and then went home. The following day, he reported the accident from a telephone booth by dialing the police number 911. The defendant, MVAIC, was unable to ascertain if there was a record of the call. The New York court found that the claimant had complied with the reporting provisions of the statute, and granted leave for Gordon to proceed with his claim against MVAIC.

We find these cases persuasive as regarding this appeal. The chief policy goal of the General Assembly, in enacting the MVFRL, is to establish a liberally compensatory scheme, which is similar to the goal of the New York statute. Consequently, a liberal construction is mandated to accomplish the protection our legislature sought to create. Additionally, the reason for not requiring production of the accident report is based upon good common sense. A report may be incorrectly filed, lost, or misplaced. With the advent of computerization, it can be inadvertently destroyed by a single, misplaced keystroke. Though a claimant may report the incident, the police

may not have filed a written report because of a superceding emergency, lack of diligence, or any number of other reasons.

Consequently, we conclude that the failure of the defendant insurance company to find a police report, or the lack of a claimant to provide a copy of the police report, should not preclude the claimant from proceeding with his claim when sufficient evidence to otherwise prevent summary judgment has been introduced to indicate that the accident has been reported. In conjunction with the purposes of the MVFRL, this is a question of fact for the factfinder to decide. We have sufficient confidence in our jurisprudential system to believe a correct determination will be made by the factfinder as to whether the accident, in compliance with § 1702, has been reported.

Accordingly, we overturn the grant of summary judgment in this case, concluding that the trial court has made an error of law.

The order of the trial court is vacated and the case is remanded for further proceedings. Jurisdiction relinquished.