## Gunter v. Constitution States Service Co.

*Allan J. Sagot,* for plaintiff.
*Dianne A. Dichter,* for defendant.

GLAZER, *J.,* February 10, 1993 —

Under section 1702(3) of the Motor Vehicle Financial Responsibility Law (75 Pa.C.S. §1701 *et seq.*), defining

uninsured motor vehicle, an accident caused by an un-identified motor vehicle falls within the coverage of the Act, provided the accident is reported to the police or proper governmental authority. However, the fact that a police report was not produced does not preclude recovery by the plaintiff. *Hatcher v. Travelers Insurance Co.,* 421 Pa. Super. 225, 617 A.2d 808 (1992). The determinative issues in this case are whether the accident was reported, and to whom it was reported.

At trial, plaintiff credibly testified that, after having been hit by an unidentified motor vehicle at 66th and Broad Streets in Philadelphia, she described the accident to the Philadelphia Fire Rescue Squad technician who treated her at the scene and transported her to Albert Einstein Medical Center. The technician told plaintiff that he would take care of reporting the accident to the police.[1]

Clearly, plaintiff believed she was reporting the accident to the proper authority: the fire rescue squad was the entity that responded to the call for emergency assistance; the fire rescue squad is part of the city's emergency response system; and the medical technician led her to believe he was the proper authority.

It is well settled that the Motor Vehicle Financial Responsibility Law must be construed liberally to afford the greatest possible coverage to injured claimants. *Sturkie v. Erie Insurance Group,* 407 Pa. Super. 117, 595 A.2d 152 (1991). As noted by the Superior Court in *Hatcher,*

---

1. The admission of what the emergency medical technician said to plaintiff is not precluded as hearsay, as the statement was not offered to show that the technician did in fact file the report. Rather, the statement was offered to show why the plaintiff failed to file a report herself, and as such is not hearsay.

284

the Pennsylvania Supreme Court has stated that " '[t]he purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers.' " *Id.,* 617 A.2d at 810, *citing Harleysville Mutual Casualty Co. v. Blumling,* 429 Pa. 389, 395, 241 A.2d 112, 115 (1968).

Finally, the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S. §1921. While the requirement that the accident be reported may be intended to prevent recovery for fraudulent claims, the average citizen is not well versed in the particular statutory requirements of the MVFRL. Clearly, the intent of the legislature is not to prohibit recovery to a legitimately injured individual because she mistakenly but, in good faith, gave a report of the accident to fire rescue personnel who came to her aid at the scene of the accident.