■ LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellant, v THOMAS CRIVELLO et al., Respondents. [621 NYS2d 20] —Order and judgment (one paper), Supreme Court, New York County (Carol Huff, J.), entered on or about July 15, 1994, which denied petitioner's application to stay arbitration of respondents' claims for uninsured motorist benefits, unanimously affirmed, with costs.

No issue of fact exists as to whether respondents complied with the policy provisions in dispute. Concerning the 90-day notice requirement, the record establishes that a month after the accident, respondents notified one of petitioner's agents that they were making claims under the uninsured motorist clause, and in view of the ambiguity of the clause, it was not

necessary that respondents submit a sworn statement concerning the accident *(see, Matter of Empire Ins. Co. v Kaparos,* 183 AD2d 566, 569). Concerning the requirement that the police be notified within 24 hours or as soon as practicable after the accident, the record establishes that repeated efforts were made by respondents to seek assistance of the police, and through no fault of their own were unable to obtain a written police report verifying such contacts until quite some time after the accident *(Gordon v MVAIC,* 90 Misc 2d 382). Concur —Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.