Good Time Acupuncture, PC v MVAIC (2024 NY Slip Op 50979(U))

[*1]

Good Time Acupuncture, PC v MVAIC

2024 NY Slip Op 50979(U)

Decided on July 29, 2024

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 29, 2024
Civil Court of the City of New York, Kings County

Good Time Acupuncture, PC a/a/o Julio Delgado, Plaintiff(s),

against
MVAIC, Defendant(s).

Index No. CV-712358/21

Gary Tsirelman, P.C., Brooklyn, for Plaintiff
Law Office of Jaime E. Gangemi, New York, for Defendant.

Sandra Elena Roper, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
Papers
Notice of Motion and Affidavits Annexed 1-2
Opposition 3
Upon the foregoing cited papers and after oral argument, pursuant to CPLR §3212(g), the Decision and Order on Defendant's Motion for Summary Judgment is hereby DENIED.
Although created under the umbrella of the No-Fault Insurance Law, unlike the regulated for-profit private insurance companies, MVAIC is created for the public good as a nonprofit creature of statute to fulfill a Public Service Mission. Inclusive of providing No-fault economic losses, it fulfills a quasi-public health care purpose to the innocent bystander injured by motor vehicular accidents perpetrated by uninsured motorists whether financially irresponsible or criminal, by paying the health care costs to No-fault medical providers, similarly situated as Plaintiff herein. As such, although Plaintiff may have complied with the statutory mandates of No-Fault Insurance Law Article 51, the injured innocent bystander as assignor must comply with Article 52 MVAIC statutory coverage requirements of Notice of Claim to be deemed a qualified person. MVAIC bears the burden to prove by admissible evidence that the injured innocent bystander-assignor was not a qualified person (Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223 [2d Dept 2011]; Y&Y E. Acupuncture, P.C. v Motor Veh. Acc. Indem. Corp., 80 AD3d 605 [2d Dept 2011]; Greater Health Through Chiropractic, P.C. v Motor Veh. Acc. Indem. Corp., 80 AD3d 561, 562 [2d Dept 2011]).The very text of Article 52 does not [*2]mandate a strict compliance standard but rather a reasonable compliance standard, which is consistent with its public service mission (see Insurance law 5208 [b] and 5208[a][2][B]). A strict compliance standard is inapposite and defies the overarching public service mission of MVAIC. There must be a distinction between inaction and partial compliance as well as whether there is reasonable excuse thereto. It has been consistently held that MVAIC's mandates should be liberally construed to ensure that its public service mission is being fulfilled for the citizenry's public good (id. citing Dixon v Motor Veh. Acci. Indem. Corp., 56 AD2d 650, 651 [2d Dept 1977]).
In this instant matter, MVAIC's evidence proffered acknowledges partial compliance and Plaintiff further presented evidence of reasonable excuse for the amended police report and other requested documents previously sent to MVAIC albeit untimely. MVAIC failed to so disclose in its moving papers. Nevertheless, as MVAIC herein moved for summary judgment pursuant to a strict compliance standard which This Court rejects as antithetical to its public service mission, this matter is to proceed to trial on the factual circumstances pursuant to the liberally construed reasonable compliance standard.
This constitutes the Decision and Order of This Court.
Dated: July 29, 2024
Brooklyn, New York
Hon. Sandra Elena Roper, J.C.C.
Civil Court Kings County