In the Matter of ELIZABETH BOXILL, Appellant, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.

First Department, October 28, 1969.

*Herbert J. Slater* for appellant.

*T. Richard Kennedy* of counsel (*Donovan, Donovan, Maloof & Walsh,* attorneys), for respondent.

MARKEWICH, J. This appeal is taken from the order of Trial Term, entered as a judgment on May 4, 1967, whereby petitioner-appellant was permanently stayed from proceeding to arbitration against respondent-respondent after a nonjury trial ordered by Special Term on two framed issues. The issue of " physical contact between petitioner's vehicle and a hit-and-run vehicle " was resolved by Trial Term in petitioner's favor; that of " whether or not the petitioner or someone in her behalf reported the accident within 24 hours or as soon as reasonably possible, to a police, peace or judicial officer or the Commissioner of Motor Vehicles, as is required by the New York Accident Indemnification Endorsement " was decided negatively.

In the very early hours of September 15, 1963, petitioner-appellant was driving her car in an outlying area of New York City, when, as the result of contact with an unidentified automobile, she " was jarred from the wheel and lost control." Her vehicle was caused to leave the road, into a " wooded area ", where it was violently stopped upon hitting a tree. She sustained injuries sufficiently serious to require hospitalization for approximately six weeks, the immediate result of which was to cause her to be unresponsive to questions asked of her at the scene by the police officer° who answered the alarm, and who renewed, abortively, his attempts to communicate with her at the emergency room of the hospital to which she was removed. He had found petitioner in her damaged car on his arrival, and had surveyed the area, and he described her attitude there and at the hospital as incoherent and hostile, stating that " she was in some sort of shock " as the result of her ordeal. Although he described the conditions that he found when he got to the scene of the accident, there is nothing in the record to indicate that police investigation was resumed or continued at any later time. The hospital record, as reflected by the trial court's decision, showed that petitioner " was able to move about in the hospital " on October 3, 1963. The first formal notification by petitioner of the accident to any of the officials listed in subdivision (b) of section 608 of the Insurance Law was her report to the Motor Vehicle Department (MVD), received there on October 18.

Trial Term found " that while the petitioner may have been involved in a hit and run situation, she failed to report the

accident as a hit and run accident to the proper authorities within 24 hours or as soon as is reasonably possible thereafter, as is required by the MVAIC Endorsement " and " that petitioner failed to sustain her burden of proof on the issue of timely notice within the intendment of Section 608 of the Insurance Law ". Apparently the trial court focused on the formal notification of October 18 to MVD, completely ignoring the legal effect of what had transpired on September 15, when, as we here hold, both section 608 of the Insurance Law, and the MVAIC endorsement were effectively complied with or, at the very least, obviated. This is not to say that, in view of the factors of petitioner's disability, the formal notification to MVD in October was unreasonably delayed; it is simply not necessary to reach that question on the facts before us.

Both the statute (Insurance Law, § 608, subd. [b]) and the subject endorsement promulgated as authorized by subdivision (b) of section 606 read, although not in the same words, to the same effect; they may be paraphrased as requiring report of the accident — not the details thereof, but the accident — to one of certain designated officials within 24 hours. The dissent concedes that " the statute does not require that the report to the police contain all of the facts necessary to establish a claim against the respondent " but argues that " this is a far cry from holding that notification of an accident alone is compliance with the statute." In the totality of the peculiar circumstances here disclosed, it is, however, enough in this case.

We accept the statements made both at Trial Term and in the dissent as to the statute's purpose: " it helps to prevent fraudulent claims and it gives the police an opportunity to bring the hit and run driver to justice." However, " statutes should be read to make sense whenever possible " (Downing v. Downing, 32 A D 2d 350, 351). A statute is not to be read in an atmosphere of sterility but in the context of what actually happens when human beings go about the fulfillment of its purposes. One who reports an accident to a police officer reports the occurrence, and not in terms of legal consequences. It is then the duty of the investigating policeman to develop such further details as may be available for investigation by questioning or otherwise. In short, all that happens is that report of an accident to police triggers an inquiry by them. The inspection and observation made by the police officer here of the site, of the vehicle, and of the victim were the equivalent of any first information he might have gotten from petitioner had she been coherent and co-operative. He could have pursued the inquiry further after she had come out of shock, and returned

to her senses, but he did not. It is doubtful actually whether any further investigation could have added much to what was ascertained by the officer at the scene, or could be learned there, for the major damage to petitioner's car and to her person apparently resulted, not from the first contact with the hit-and-run car, but from the second, with the tree. Thus, except to the extent that the officer did not carry the matter further, the statute was effectively honored and complied with on the spot, then and there, to the same end as though petitioner had given an opening statement to the officer that an accident had occurred. In the case here examined, this was indeed far more than "notification of an accident alone." The trial court's finding, therefore, should have been that report was substantially effected on September 15, 1963, as required by statute and endorsement.

Accordingly, the order entered as a judgment should be reversed with costs on the law and the facts, and a new finding of compliance with the MVAIC endorsement substituted for that made to the contrary at Trial Term, and judgment granted to petitioner denying a stay of arbitration.

STEUER, J. (dissenting). We dissent and vote to affirm the determination of Trial Term. Two issues were presented, one of fact and the other of law. The factual issue is whether the report of the hit-and-run accident made to the Motor Vehicle Department was made as soon as was reasonably possible after the accident. Taking into account all of the facts presented, the learned Justice concluded that it was not. It cannot be said that there was no reasonable basis on which such a conclusion could be reached. This being so, the determination should not be disturbed. The legal question arises from the contention that notice was unnecessary due to the fact that the accident was investigated by a police officer shortly after its occurrence. Concededly a police officer did arrive on the scene and saw physical evidence of the accident. However, nothing in the appearance of the scene indicated that any vehicle other than claimant's car was involved. Nor were the police informed of the involvement of any other car, either then or at any time. The issue is whether notice of an accident as distinct from notice of an accident caused by a hit-and-run driver is compliance with subdivision (b) of section 608 of the Insurance Law. Concededly the statute does not require that the report to the police contain all of the facts necessary to establish a claim against the respondent. For instance, it need not state that there was physical contact between claimant's car and that of the hit-and-run motorist (*Matter of MVAIC*

*[Lupo]*, 18 A D 2d 717, affd. 13 N Y 2d 1017). This is a far cry from holding that notification of an accident alone is compliance with the statute. The requirement for notice within a 24-hour period serves a dual purpose: it helps to prevent fraudulent claims and it gives the police an opportunity to bring the hit-and-run driver to justice. As pointed out in *MVAIC* v. *Eisenberg* (18 N Y 2d 1, 4–5) while the statute serves a beneficent purpose, it is also susceptible to fraudulent manipulation. It is very difficult, if not impossible, to disprove a driver's contention that the accident was caused by some unknown unless almost immediate notice is given. Manifestly, neither purpose is served where the mere happening of an accident, to all intents and purposes involving the driver's car alone, is reported.

CAPOZZOLI, J. P., and McGIVERN, J., concur with MARKEWICH, J.; STEUER, J., dissents in opinion in which McNALLY, J., concurs.

Order entered May 4, 1967 reversed, on the law and the facts, with $30 costs and disbursements to the appellant, and a new finding in compliance with the MVAIC endorsement substituted for that made to the contrary at Trial Term, and judgment granted to petitioner denying a stay of arbitration. The Clerk is directed to enter judgment accordingly.