■ VICTORIA HODGE, an Infant, by IRENE EVANS, Her Mother and Natural Guardian, et al., Respondents, v. SAM CARSON, Defendant, and MOTOR VEHICLE

ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order unanimously reversed, without costs and matter remitted to Special Term for a hearing in accordance with the following Memorandum: The order appealed from granted petitioners' application to join appellant as a defendant in their motor vehicle accident action against Carson who was alleged to have been the owner of the automobile in which petitioner Hodge was injured. ¶ A qualified person who has sustained personal injury arising out of the use of a motor vehicle may, when the identity of the vehicle and of the operator and owner thereof cannot be ascertained, apply to the Supreme Court for an order permitting him to bring an action against MVAIC (Insurance Law, § 618). The record does not sufficiently show that the identity of the vehicle and of the operator and owner thereof cannot be ascertained to justify the granting of the order appealed from. Petitioner testified in an examination before trial in her action against Carson that he was the owner and operator of the automobile in which she and two other people were passengers, and that she was injured when Carson drove the automobile into a pole. Carson denied that he owned or operated the car. ¶ In this situation Special Term should not have attempted to resolve the issue on the papers alone but should have conducted a hearing at which witnesses including the other passengers who were in the car at the time the injuries were sustained could testify as to the ownership of the automobile and the identity of its operator. On the hearing all issues relevant to the application should be considered and resolved (*Matter of O'Rourke* v. *MVAIC*, 29 A D 2d 938; cf. *Matter of Brown* v. *MVAIC*, 35 A D 2d 339). (Appeal from order of Erie Special Term granting motion to bring action against MVAIC.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.