■ In the Matter of the Arbitration between EMPIRE INSURANCE COMPANY, Respondent, and CARLO DI CEGLIE, Appellant. [594 NYS2d 40] —Judgment, Supreme Court, New York County (Milton Williams, J.), entered on or about October 17, 1991, which, *inter alia,* granted petitioner Empire Insurance Company's petition permanently to stay arbitration of respondent's uninsured motorist claim, unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a hearing in accordance herewith.

Respondent, a pedestrian, was injured in a hit-and-run accident on March 29, 1990. Respondent alleges that on May 4, 1990 his attorney sent a letter to petitioner, Empire Insurance Company, asserting an uninsured motorist's claim in respondent's behalf under a policy issued to D & D Carting Company, under which he is a named insured. The only claim letter in this record is one sent to State Farm notifying it, on May 4, 1990, of respondent's assertion of an uninsured motorist claim under his wife's policy. In any event, a demand for arbitration was served on Empire under the D & D policy on or about March 8, 1991. The IAS Court granted Empire's motion to stay arbitration on the ground that while State Farm had been served with notice Empire had not, and that notice to one was not necessarily notice to the other. While this is a correct statement of the law, the facts presented, sketchy as they are, warrant reversal.

It may well be, as is asserted in respondent's appellate brief, that the wrong letter was submitted in opposition to the motion to stay arbitration. This seems all the more so since the petition to stay arbitration asserts only the failure to file a timely notice of claim under oath, not the failure to file a timely notice. Indeed, it is conceded in the affirmation of Empire's counsel that it first learned of the claim upon receipt of a letter, dated May 4, 1990, from respondent's attorney. Given such a record, it was error to grant the application to stay arbitration without a hearing on the issue of whether a claim letter was sent, as alleged, to Empire on May 4, 1990. If such notice was given, the court should also consider and determine respondent's cross-motion to amend his notice to the extent of swearing to the contents of that letter, *nunc pro*

*tunc,* as of May 4, 1990 so as to comply with policy requirements. There is also the issue, as raised by Empire but never reached by the IAS Court, as to whether respondent complied with the policy requirement to report the accident to the police within 24 hours. This should also be resolved on remand. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.