■ In the Matter of the Arbitration between COUNTRY WIDE INSURANCE Co., Respondent, and FRANK RUSSO et al., Appellants. [607 NYS2d 648] —Order of the Supreme Court, New York County (Edward H. Lehner, J.), entered on or about May 26, 1993, which granted petitioner's motion to permanently stay arbitration of respondents' claim for insurance benefits stemming from an alleged "hit and run" accident, unanimously reversed, on the law, without costs, the matter remanded to Supreme Court and arbitration stayed pending a hearing to determine whether respondents complied with the terms of their insurance policy.

On December 20, 1991, the automobile driven by respondent Frank Russo, in which his wife was a passenger, was allegedly rear-ended by another vehicle, as a result of which respondents sustained personal injuries. According to respondents, Frank Russo temporarily left the scene and approached a police vehicle parked about a block away and reported the accident. Because the officers were already attending to another incident, they radioed for assistance. A second patrol car responded to the scene, the police officers spoke with both drivers and a tow truck was called to remove respondents' vehicle. Respondents were instructed to call the Precinct House the following day to obtain the accident report number. Because they do not speak much English, respondents state that they did not personally attempt to obtain any information regarding the second vehicle from either the driver or the police.

Respondent Frank Russo attempted to contact the Police Precinct on the following day and during the week that followed. Because the Christmas holiday intervened, he was unsuccessful in obtaining any information until one week after the accident, at which time he was told that there was no accident report on file nor any other record of the accident. Respondents assert that they filed an MV-104 form with the Department of Motor Vehicles and notified their insurer, petitioner Country Wide Insurance Co., about the accident within 90 days, as required by the terms of their policy.

Respondents hired an attorney, who attempted to track down information substantiating their claim. However, efforts to learn the identity of the second driver were unavailing. Respondents therefore served a demand for arbitration upon

petitioner pursuant to the uninsured motorist provision of their insurance policy. Respondents sought payment of benefits under the so-called "hit and run" provision of the policy, which reflects the language of Insurance Law § 5218 (c) and § 5208 (a) (2) (A) and requires, in pertinent part: "(1) there cannot be ascertained the identity of either the operator or the owner of such 'hit and run automobile'; (2) the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles".

In response to the demand for arbitration, petitioner initiated the instant action seeking a temporary stay of arbitration pending a hearing to resolve whether respondents complied with the provision of their insurance policy requiring that the accident be reported within 24 hours. Without conducting a hearing, Supreme Court stayed arbitration, finding that the demand for arbitration was untimely and that respondents failed to establish that the accident was reported to the police.

As a threshold matter, it should be noted that this case falls within the ambit of the hit and run provision of Insurance Law § 5218 (former Insurance Law §§ 618, 619). In *Matter of Riemenschneider (MVAIC)* (26 AD2d 309 [Botein, P. J.]), this Court held that the statute contemplates circumstances in which the identity of the offending vehicle, its owner or operator are simply not ascertainable. In affirming, the Court of Appeals noted that the concept is "literally more inclusive than the term 'hit and run driver' in colloquial understanding. The language encompasses situations where the operator is unidentified and has left the scene of the accident because there was then no reason to identify him, as well as an operator who actually prevents identification by leaving the scene" (20 NY2d 547, 550). Also pertinent to the facts of this case is Vehicle and Traffic Law § 600 (1) (b) and (2) (b), which imposes a duty on law enforcement officers to request that the operators of motor vehicles involved in an accident resulting in physical injury exchange necessary identification and that they assist the operators of the vehicles to make such exchange of information.

There is no support in the record for Supreme Court's determination that the demand for arbitration was untimely. Neither the insurance policy itself nor CPLR article 75 imposes any time limit for service of such a demand. Moreover, petitioner did not raise this claim in its motion to stay

arbitration and, therefore, respondents were not afforded an opportunity to be heard in response to this argument.

There is merit to respondents' contention that Supreme Court erred by granting petitioner's motion without holding an evidentiary hearing. Respondents assert that they are entitled to a full hearing on the issue of whether they complied with the requirements of the policy because there exists a triable issue of fact as to whether the police were notified within a 24-hour period after the accident. Petitioner, citing *Matter of Allstate Ins. Co. v Rivera* (148 AD2d 393), now insists that a hearing was unnecessary because, once it demonstrated that the accident was not reported, the burden shifted to respondents to demonstrate that the accident was in fact reported. However, the evidence relied upon by petitioner is a letter from respondents' attorney, allegedly conceding non-compliance, from which Country Wide selectively quotes counsel's statement that "no police report was rendered concerning this matter". The full context of this remark, however, contradicts Country Wide's position. The sentence reads, in its entirety, "Although police officers from the 68th precinct of the New York City Police Department responded at the scene, no police report was rendered concerning this matter." As no admission by respondents was made and no evidentiary hearing was conducted, a question of fact remains on this issue. Therefore, petitioner did not establish that respondents failed to comply with the notification provision and no burden was imposed upon respondents to demonstrate their compliance.

Petitioner takes the position that the 24-hour requirement for reporting an accident means that the policy holder must obtain a written accident report from the police. However, as a prerequisite to suing MVAIC and to obtaining uninsured motorist benefits under many insurance policies, notification is a common threshold issue. When a provision of an insurance policy mirrors statutory language, in this case Insurance Law § 5208 (a), the policy clause is subject to the same interpretation as the statute. Case law reveals that the courts have consistently afforded a very liberal interpretation to the notice requirement, accepting police contacts that fall far short of the operator's obtaining a written report *(see, Canty v MVAIC,* 95 AD2d 509, 512; *Matter of Dixon v MVAIC,* 56 AD2d 650, 651, citing *Gordon v MVAIC,* 90 Misc 2d 382 [Rubin, J.]; *Matter of Casanova v MVAIC,* 36 Misc 2d 489).

The record clearly indicates that a question exists as to whether a report of the accident was timely filed, and the

issue cannot be resolved without a determination of the credibility of respondents, who maintain that the police were at the scene of the accident but failed to complete or file an accident report (Vehicle and Traffic Law § 603). Significantly, an affidavit submitted by respondents identifies sources that might support their version of events, including the asserted acknowledgement by a police lieutenant that reports are occasionally lost or misfiled and the log of telephone calls placed to the Precinct House. Where the record raises a substantial issue as to compliance with a condition of a statute or policy of insurance, an evidentiary hearing is appropriate *(Matter of Empire Ins. Co. [Di Ceglie],* 191 AD2d 186; *Matter of Francis v MVAIC,* 41 AD2d 556; *Matter of Malitz v MVAIC,* 17 AD2d 108). Concur—Sullivan, J. P., Asch, Rubin, Nardelli and Williams, JJ.