■ In the Matter of TULIA CACERES, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [829 NYS2d 487]—Order and judgment (one paper), Supreme Court, New York County (Richard F. Braun, J.), entered August 16, 2005, which granted the petition for leave to bring an action against respondent, unanimously reversed, on the law, without costs, the order and judgment vacated and the matter remanded for an evidentiary hearing.

Where, as here, a question exists as to whether an accident report was timely filed pursuant to Insurance Law § 5208 (a) (2) (A), "and the issue cannot be resolved without a determination of the credibility of [the petitioner]," an evidentiary hearing is appropriate (*Matter of Country Wide Ins. Co. [Russo]*, 201 AD2d 368, 370-371 [1994]). Although respondent did not answer the petition pursuant to CPLR 402, the pleading omission should have been disregarded since respondent's affirmation opposing the relief sought by petitioner challenged petitioner's assertion that she had satisfied the requirements of Insurance Law § 5218 (*see* CPLR 2001). Under the circumstances, the matter should have been set down for a hearing pursuant to CPLR 410. Concur—Sullivan, J.P., Williams, Gonzalez, Sweeny and Kavanagh, JJ.