In the Matter of PEDRO PAGAN, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [920 NYS2d 142]—

The Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) opposed the petition for leave to commence an action against it on the ground that the petitioner failed to establish his compliance with the statutory requirement that notice to a police, peace, or judicial officer of the subject accident be given within 24 hours, the satisfaction of which is a condition precedent to qualifying for benefits from MVAIC (*see*

Insurance Law § 5208 [a] [2] [A]; § 5218 [c]). "[T]he courts have 'consistently afforded a very liberal interpretation to the notice requirement, accepting police contacts that fall far short of the operator's obtaining a written report' " (*Matter of Gurvich v Motor Veh. Acc. Indem. Corp.*, 66 AD3d 677, 678 [2009], quoting *Matter of Country Wide Ins. Co. [Russo]*, 201 AD2d 368, 370 [1994]). Here, in support of his contention that the alleged hit-and-run accident occurred on July 27, 2007, and that he told the police of the accident on that date, the petitioner submitted, inter alia, an affidavit stating that he was arrested at the accident scene based on eyewitness statements that he had been involved in a crime, and setting forth the criminal identification number and docket number arising from the arrest, as well as an emergency medical services report (hereinafter EMS report), dated July 28, 2007, identifying him as a prisoner. The Supreme Court, without a hearing, granted the petition, finding such evidence sufficient proof of the petitioner's compliance with the statutory 24-hour notice requirement. However, contrary to the Supreme Court's determination, such evidence only indicated that the accident may have occurred on July 27, 2007, and that the petitioner was in police custody on July 28, 2007. The petitioner's proof contains no evidence that the police were actually told of the accident, either by the petitioner or an eyewitness, within 24 hours of its occurrence. Moreover, the petition, the petitioner's affidavit of no insurance, a Department of Motor Vehicles Accident Report form, and the proposed complaint all identify July 25, 2007, as the date of the alleged accident. Under the circumstances, there is an issue of fact as to the petitioner's compliance with the 24-hour notice requirement.

Since the issue of the petitioner's compliance with the 24-hour notice requirement cannot be resolved without considering the petitioner's credibility, we grant the petition to the extent of directing an evidentiary hearing on that issue (*see Matter of Caceres v Motor Veh. Acc. Indem. Corp.*, 37 AD3d 215 [2007]; *Matter of Schmid v Motor Veh. Acc. Indem. Corp.*, 208 AD2d 544 [1994]; *Matter of Country Wide Ins. Co. [Russo]*, 201 AD2d at 370-371; *Canty v Motor Veh. Acc. Indem. Corp.*, 95 AD2d 509, 512-513 [1983]; *Matter of Dixon v Motor Veh. Acc. Indem. Corp.*, 56 AD2d 650, 652 [1977]).

Accordingly, we modify the order appealed from by granting the petition only to the extent of directing an evidentiary hearing on the issue of whether the petitioner complied with the statutory 24-hour notice requirement, and remit the matter to the Supreme Court, Kings County, for further proceedings in

accordance herewith. Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.