■ In the Matter of ERICKSON HERNANDEZ, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [992 NYS2d 563]—

In a proceeding pursuant to Insurance Law § 5218 (c) for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered June 24, 2013, which granted the petition.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting the petition in its entirety and substituting therefor a provision granting the petition only to the extent of directing an evidentiary hearing on the issues of whether the subject accident was reported to the police within 24 hours, whether the petitioner filed a notice of claim within 90 days of the accident, and whether the petitioner is a "qualified person" pursuant to article 52 of the Insurance Law, and otherwise holding the petition in abeyance; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The petitioner alleged that while he was riding his scooter in Queens, he was struck by an unidentified motor vehicle which fled the scene, and that, as a result of the accident, he sustained serious injuries within the meaning of Insurance Law § 5102 (d). The petitioner commenced this proceeding pursuant to Insurance Law § 5218 (c) for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter the MVAIC). The MVAIC opposed the petition, contending that the petitioner failed to establish his compliance with the statutory requirement that notice of the subject accident be given to a police, peace, or judicial officer within 24 hours, the satisfaction of which is a condition precedent to qualifying for benefits from the MVAIC (see Insurance Law §§ 5208 [a] [2] [A]; 5218 [c]). The MVAIC also contended that the petitioner failed to establish that he filed a notice of claim within 90 days of the accident (see Insurance Law §§ 5218 [b]; 5208 [a] [2] [A]), and that he failed to establish that he was a "qualified person" within the meaning of Insurance Law § 5202 (b) because he did not demonstrate that he was a resident of New York who was not an insured under a policy of insurance. The Supreme Court granted the petition.

Entitled the "Motor Vehicle Accident Indemnification Corporation Act," article 52 of the Insurance Law is intended to compensate, through the MVAIC, innocent victims of motor vehicle accidents caused by, inter alia, unidentified motor vehicles which leave the scene of the accident (see Insurance Law § 5201; *Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp.*, 103

AD3d 714, 715 [2013]; *Englington Med., P.C. v Motor Veh. Acc. Indem. Corp.*, 81 AD3d 223, 228 [2011]; *Canty v Motor Veh. Acc. Indem. Corp.*, 95 AD2d 509, 510 [1983]). The statutory provisions creating and regulating the MVAIC are to be liberally construed to serve their ends (*see Englington Med., P.C. v Motor Veh. Acc. Indem. Corp.*, 81 AD3d at 227; *Matter of Gurvich v Motor Veh. Acc. Indem. Corp.*, 66 AD3d 677, 678 [2009]; *Matter of Dixon v Motor Veh. Acc. Indem. Corp.*, 56 AD2d 650, 651 [1977]).

A petitioner seeking leave of court to commence an action against the MVAIC has the initial burden of demonstrating that he or she is a "qualified person" with the meaning of Insurance Law § 5202 (b) and by making an evidentiary showing that he or she has satisfied certain other statutory requirements (*see Englington Med., P.C. v Motor Veh. Acc. Indem. Corp.*, 81 AD3d at 232; *Matter of Troches v Motor Veh. Acc. Indem. Corp.*, 171 AD2d 873 [1991]; *Matter of Boxill v Motor Veh. Acc. Indem. Corp.*, 33 AD2d 13 [1969]). In a special proceeding, generally, if no triable issues of fact are raised, the court is empowered to make a summary determination (*see* CPLR 409 [b]). However, if triable issues of fact are raised, an evidentiary hearing must be held (*see* CPLR 410).

Here, while the petitioner sufficiently pleaded the prima facie elements necessary to commence an action against the MVAIC (*see* Insurance Law §§ 5217, 5218), the MVAIC raised questions of fact precluding summary determination of the petition. Based on the record before us, the issues of (1) whether the petitioner is an uninsured resident of New York, and, therefore, a "qualified person" pursuant to article 52 of the Insurance Law (*see* Insurance Law § 5202 [b]), (2) whether the accident was reported to the police within 24 hours (*see* Insurance Law §§ 5218 [b]; 5208 [a] [2] [A]), and (3) whether the petitioner served a notice of claim upon the MVAIC within 90 days of the accident (*see* Insurance Law § 5208 [a] [2] [A]), could not have been resolved without an evidentiary hearing (*see Matter of Pagan v Motor Veh. Acc. Indem. Corp.*, 82 AD3d 1102, 1103 [2011]; *Matter of Caceres v Motor Veh. Acc. Indem. Corp.*, 37 AD3d 215 [2007]). Thus, the Supreme Court should not have summarily determined the petition (*see* CPLR 409, 410).

Accordingly, we modify the order appealed from and remit the matter to the Supreme Court, Queens County, for an evidentiary hearing on the aforementioned issues and a new determination of the petition thereafter. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.