Omega Diagnostic Imaging, PC, a/a/o Juan Galindo, Plaintiff-Respondent, 
against MVAIC, Defendant-Appellant.



Defendant appeals from a judgment of the Civil Court of the City of New York, Bronx County (Ruben Franco, J.), entered October 5, 2015, after a nonjury trial, in favor of plaintiff in the principal sum of $2,529.35.




Per Curiam. 
Judgment (Ruben Franco, J.), entered October 5, 2015, reversed, with $30 costs, and judgment entered in favor of defendant dismissing the complaint.
Plaintiff's assignor was injured on June 3, 2010 at 12:00 pm, while riding his bicycle on Fulton Street in Brooklyn. Based upon allegations that the bicycle was struck by an unidentified motor vehicle, the assignor filed a notice of intention to make claim against the Motor Vehicle Accident Indemnification Corporation [MVAIC].
The documentary evidence adduced at trial established that the assignor was not a covered person entitled to no-fault benefits from MVAIC because he failed to report the accident "to a police, peace or judicial officer" within 24 hours of the occurrence (Insurance Law § 5208[a][2][A]; Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509, 511 [1983]; Pomona Med. Diagnostics, P.C. v MVAIC, 34 Misc 3d 131[A], 2011 NY Slip Op 52347[U][App Term, 1st Dept 2011]). Indeed, twelve days after the accident, the assignor responded to a question on the notice of intention to make claim form asking "when the accident was reported to the police," by stating "no police w[ere] called" (cf. Matter of Country Wide Ins. Co. [Russo], 201 AD2d 368, 370 [1994]). Plaintiff failed to rebut this evidence by showing that the accident was, in fact, reported to the police within 24 hours or that it "was not reasonably possible to make such a report or that it was made as soon as was reasonably possible" (see Insurance Law § 5202[a][2][B]; Pomona Med. Diagnostics, P.C. v MVAIC, 34 Misc 3d 131[A], 2011 NY Slip Op 52347[U] [App Term, 1st Dept 2011]). Consequently, the assignor failed to comply with a condition precedent to the right to apply for payment from MVAIC and the action must, therefore, be dismissed (see Meridian Health Acupuncture, P.C., v MVAIC, 22 Misc 3d 141[A], [*2]2009 NY Slip Op 50440[U] [App Term, 2nd, 11th and 13th Jud Dists 2009]).
This being a nonjury case, we make the judgment which ought to have been made below, particularly since the result turns upon documentary evidence and considerations other than the credibility of witnesses (see Abrahami v UPC Const. Co., Inc., 224 AD2d 231, 233 [1996]). In view of our disposition, we need not consider the report filed by the assignor one day prior to the notice of intention to make claim, wherein he represented to the Department of Motor Vehicles that his injuries occurred, not in an accident with a motor vehicle accident, but when his bicycle collided with an animal. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 26, 2017