Matter of Laszlone v Motor Veh. Acc. Indem. Corp. (2018 NY Slip Op 08657)





Matter of Laszlone v Motor Veh. Acc. Indem. Corp.


2018 NY Slip Op 08657


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-02249
 (Index No. 509301/14)

[*1]In the Matter of Bodi Laszlone, appellant, 
v
Motor Vehicle Accident Indemnification Corporation, respondent.


Max D. Leifer, P.C., New York, NY, for appellant.
Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the petitioner appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated January 7, 2016, which, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The petitioner alleged that she was a pedestrian struck by an unidentified motor vehicle which fled the scene, and that, as a result of the accident, she sustained personal injuries. The petitioner commenced this proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter the MVAIC). The MVAIC opposed the petition, contending that the petitioner failed to establish her compliance with the statutory requirement that notice of an accident be given to a police, peace, or judicial officer within 24 hours, the satisfaction of which is a condition precedent to qualifying for benefits from the MVAIC (see Insurance Law §§ 5208[a][2][A]; 5218). The MVAIC also contended that the petitioner failed to establish that she filed a notice of claim within 90 days of the accident (see Insurance Law §§ 5218[b]; 5208[a][2][A]), and that she failed to establish that she was a "[q]ualified person" within the meaning of Insurance Law § 5202(b) because she did not demonstrate that she was a resident of New York State. The Supreme Court, in effect, denied the petition and dismissed the proceeding.
A petitioner seeking leave of court to commence an action against the MVAIC has the initial burden of demonstrating that he or she is a "[q]ualified person" within the meaning of Insurance Law § 5202 and by making an evidentiary showing that he or she has satisfied certain other statutory requirements (see Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347, 1349; Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 232). In a special proceeding, to the extent that no triable issues of fact are raised, the court is empowered to make a summary determination (see CPLR 409[b]). If, however, triable issues of fact are raised, an [*2]evidentiary hearing must be held (see CPLR 410).
Here, there are triable issues of fact as to whether the petitioner is an uninsured resident of New York, and, therefore, a "[q]ualified person" pursuant to article 52 of the Insurance Law (Insurance Law § 5202[b]); whether the accident, which the petitioner admitted that he did not report to the police within 24 hours as required by Insurance Law § 5208(a)(2)(A), was, nonetheless, reported to the police "as soon as was reasonably possible" within the meaning of Insurance Law § 5208(a)(2)(B); and whether the petitioner served a notice of claim upon the MVAIC within 90 days of the accident (see Insurance Law § 5208[a][2][A]), which issues could not have been resolved without an evidentiary hearing (see Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d at 1349; Matter of Pagan v Motor Veh. Acc. Indem. Corp., 82 AD3d 1102, 1103; Matter of Caceres v Motor Veh. Acc. Indem. Corp., 37 AD3d 215). Thus, the Supreme Court should not have summarily, in effect, denied the petition and dismissed the proceeding (see CPLR 409, 410).
Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for an evidentiary hearing on the aforementioned issues and a new determination of the petition thereafter.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court