Matter of Rosado v Motor Veh. Acc. Indem. Corp. (2019 NY Slip Op 02883)





Matter of Rosado v Motor Veh. Acc. Indem. Corp.


2019 NY Slip Op 02883


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-03095
 (Index No. 522746/16)

[*1]In the Matter of Gabriel Rosado, respondent,
v
Motor Vehicle Accident Indemnification Corporation, appellant.


Jamie E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for appellant.
Feldman, Kramer & Monaco, P.C., Hauppauge, NY (Eric Sandman of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated February 24, 2017. The order granted the petition.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing on the issues of whether the identity of the operator of the motor vehicle involved in the subject accident is known and whether the vehicle was being operated without the owner's consent, and a new determination on the petition thereafter.
The petitioner alleged that, while riding his bicycle, he was struck by a motor vehicle and sustained personal injuries. A witness observed the license plate number of the vehicle, which fled the scene of the accident. A search revealed that the vehicle was owned by EAN Holdings, LLC (hereinafter EAN), a rental car company. The petitioner filed a claim with RIS Rental Insurance Services, Inc. (hereinafter RIS), which handled liability claims for EAN. RIS disclaimed coverage on the ground that the individual who allegedly rented the vehicle was a victim of identity theft, that the operator rented the vehicle fraudulently using a stolen identity and was not an authorized driver, and that the identity of the operator of the vehicle was unknown.
The petitioner filed a notice of intention to make a claim with the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). MVAIC denied the claim, and the petitioner commenced this proceeding pursuant to Section 5218 of the Insurance Law for leave to commence an action against MVAIC. The Supreme Court granted the petition, and MVAIC appeals.
Article 52 of the Insurance Law, entitled the "Motor Vehicle Accident Indemnification Corporation Act," is intended to compensate, through MVAIC, innocent victims who, among other things, were involved in accidents caused by uninsured motor vehicles and who were involved in hit-and-run accidents where the culpable driver is never identified (see Insurance [*2]Law §§ 5201, 5202, 5218; Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347, 1348; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714, 715; Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 227-228). The procedure for applying to a court for leave to bring an action against MVAIC in a hit-and-run case is set forth in Insurance Law § 5218. That section provides, inter alia, that a court may permit an action to be brought against MVAIC if certain criteria are met, including demonstrating to the court that "all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, or the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established" (Insurance Law § 5218[b][5]).
In granting the petition, the Supreme Court relied on evidence that constituted inadmissible hearsay, including a letter from RIS disclaiming coverage, the incident report of the Volusia County (Florida) Sheriff's Office generated at the request of the individual who allegedly rented the vehicle, in which that individual alleges that he was a victim of identity theft, and RIS's "confidential statement report" summarizing its investigation of the individual who allegedly rented the vehicle. Accordingly, a hearing is mandated to determine by competent proof whether the identity of the operator of the motor vehicle was unknown and whether the operator was driving the vehicle without the permission of EAN (see Insurance Law § 5218[b][5]; Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d at 1349; Vega v Motor Veh. Acc. Indem. Corp., 59 AD2d 759, 759; Hodge v Carson, 39 AD2d 637, 638). Accordingly, we reverse the order appealed from and remit the matter to the Supreme Court, Kings County, for an evidentiary hearing on the aforementioned issues and a new determination on the petition thereafter.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court