Matter of Jean-Philippe v Motor Veh. Acc. Indem. Corp. (2020 NY Slip Op
51511(U))

[*1]

Jean-Philippe, Matter of, v Motor Veh. Acc. Indem. Corp.

2020 NY Slip Op 51511(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1466 K C

In the Matter of the Application of Kardine
Jean-Philippe, Respondent, 
against
Motor Vehicle Accident Indemnification Corporation, Appellant.

Kornfeld, Rew, Newman & Simeone, Esqs. (William S. Badura of counsel), for appellant.
Scott Inwald, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered August 8, 2019. The order granted the petition for leave to commence
an action against the Motor Vehicle Accident Indemnification Corporation.

ORDERED that the order is reversed, with $30 costs, and the matter is remitted to the Civil
Court for the entry of a judgment dismissing the petition.
Petitioner commenced this proceeding seeking leave to commence an action against the
Motor Vehicle Accident Indemnification Corporation (MVAIC). The petition alleged that
petitioner had been struck by an unidentified driver while a pedestrian in a crosswalk on October
21, 2016. The supporting affirmation by petitioner's attorney stated that petitioner filed a notice
of claim with respondent on March 28, 2017. Petitioner served a petition on November 16, 2017
seeking leave to "bring an action" against MVAIC. The Civil Court granted the petition.
A petitioner seeking leave of court to commence an action against MVAIC has the initial
burden of demonstrating that he or she is a "[q]ualified person" within the meaning of Insurance
Law § 5202 and making an evidentiary showing that he or she has satisfied certain other
statutory requirements (see Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120
AD3d 1347, 1349 [2014]). In a special proceeding, to the extent that no triable issues of fact are
raised, the court is empowered to make a summary determination (see CPLR 409
[b]).
The record establishes that petitioner failed to either file a notice of intention to make claim
form with MVAIC within 90 days of the accident or offer a meritorious explanation as to why it
was not reasonably possible to do so within the specified period (see Insurance Law
§ 5208 [b] [1]; [c]). Pursuant to Insurance Law § 5208 (c), an application to the court
for leave to file a late notice of claim with MVAIC must be made within one year of the accrual
of the cause of action. Here, there is no dispute that petitioner and her counsel failed to timely do
so. To the extent petitioner contends that her submission of an application for no-fault benefits
(NF-2) and a copy of a police report together constituted, in effect, the functional equivalent of a
notice of claim and thus that she timely complied with Insurance Law § 5208, we reject this
contention. Although "[t]he statutory provisions creating and regulating the MVAIC are to be
liberally construed to serve their ends" (Matter of Hernandez, 120 AD3d at 1349) and
assuming, without deciding, that the NF-2 may be deemed to be have been sufficiently sworn to
under penalty of perjury (see Penal Law § 210.45; People v Sullivan, 56
NY2d 378, 380 [1982]), the police report which accompanied petitioner's NF-2 was not sworn to
or otherwise affirmed under penalty of perjury. Consequently, it may not be deemed to be the
functional equivalent of so much of a notice of claim as the NF-2 otherwise did not satisfy. As a
result, because petitioner did not make an evidentiary showing that she had satisfied the statutory
requirement, petitioner failed to establish her entitlement for relief (see Matter of
Hernandez, 120 AD3d 1347).
We note that a special proceeding should terminate in a judgment, not an order (see
CPLR 411).
Accordingly, the order is reversed and the matter is remitted to the Civil Court for the entry
of a judgment dismissing the petition.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020