All Power Elec. Installation Corp. v Appolon (2020 NY Slip Op 51504(U))

[*1]

All Power Elec. Installation Corp. v Appolon

2020 NY Slip Op 51504(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1871 K C

All Power Electric Installation Corp.,
Respondent,
against
Jean-Michel Appolon, Appellant. 

Jean-Michel Appolon, appellant pro se.
Alvin Dean, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered February 6, 2018. The judgment, after a nonjury trial, awarded
plaintiff the principal sum of $5,000 and dismissed defendant's counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff, an electrical contractor, commenced this commercial claims action to recover the
principal sum of $5,000 for breach of contract, and defendant counterclaimed to recover the
principal sum of $4,634.92, alleging that plaintiff had rendered its services in a defective manner.
At a nonjury trial, the parties agreed that they had entered into a $13,000 contract, that defendant
had paid plaintiff a total of $7,500, and that defendant had terminated the contract before the job
was completed. Plaintiff presented testimony regarding the extent of the work completed and
documentation that the work had passed inspection by the New York City Department of
Buildings. Defendant appeals from a judgment of the Civil Court awarding plaintiff the principal
sum of $5,000 and dismissing his counterclaim.
In a commercial claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269
AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of
a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity
to observe and evaluate [*2]the testimony of the witnesses affords
it a better perspective from which to assess their credibility (see Vizzari v State of New
York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This
deference applies with greater force to judgments rendered in the Commercial Claims Part of the
court (see Williams v Roper, 269 AD2d at 126).
Here, there is support in the record for the conclusion that plaintiff had properly performed
nearly all of the work required under the contract's terms before defendant prevented it from
completing the contract. Thus, we find that substantial justice was done between the parties
according to the rules and principles of substantive law and there is no basis for this court to
disturb the Civil Court's determination (see CCA 1804-A, 1807-A [a]).
Accordingly, the judgment is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020