Matter of Ramirez v Motor Veh. Acc. Indem. Corp. (2025 NY Slip Op 06326)

Matter of Ramirez v Motor Veh. Acc. Indem. Corp.

2025 NY Slip Op 06326

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-03283
 (Index No. 608795/21)

[*1]In the Matter of Francisca Ramirez, respondent,
v
Motor Vehicle Accident Indemnification Corporation, appellant.

Connors & Connors, P.C., Staten Island, NY (Robert J. Pfuhler of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Nassau County (Sarika Kapoor, J.), entered March 22, 2023. The order granted the petition.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
The petitioner alleged that she was a passenger in a cab when it was struck by an unidentified motor vehicle which fled the scene and that, as a result of the accident, she sustained personal injuries. The petitioner commenced this proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter the MVAIC). The MVAIC opposed the petition, contending that the petitioner failed to establish her compliance with the statutory requirement that notice of an accident be given to a police, peace, or judicial officer within 24 hours, the satisfaction of which is a condition precedent to qualifying for benefits from the MVAIC (see id. §§ 5208[a][2][A]; 5218). The MVAIC also contended that the petitioner failed to establish that the vehicle in which she was a passenger was uninsured at the time of the accident (see id. § 5208[a][1][B]).
In an order entered March 22, 2023, the Supreme Court granted the petition. The MVAIC appeals.
"A petitioner seeking leave of court to commence an action against the MVAIC has the initial burden of demonstrating that he or she is a 'qualified person' within the meaning of Insurance Law § 5202(b) and by making an evidentiary showing that he or she has satisfied certain other statutory requirements" (Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347, 1349; see Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d 894, 894-895). "In a special proceeding, generally, if no triable issues of fact are raised, the court is empowered to make a summary determination" (Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d at 1349; see Matter of Laszlone v Motor Veh. Indem. Corp., 167 AD3d at 895). "If, however, triable issues of fact are raised, an evidentiary hearing must be held" (Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d at 895, citing CPLR 410; see Matter of Hernandez v Motor Veh. Acc. [*2]Indem. Corp., 120 AD3d at 1349).
Here, there are triable issues of fact as to whether the accident was "reported within twenty-four hours after the occurrence to a police, peace or judicial officer in the vicinity or to the commissioner" (Insurance Law § 5208[a][2][A]; see Matter of Pagan v Motor Veh. Acc. Indem. Corp., 82 AD3d 1102, 1103) or that "it was not reasonably possible to make such a report or that it was made as soon as was reasonably possible" (Insurance Law § 5208[a][2]B]) and whether the vehicle in which the petitioner was a passenger was uninsured at the time as required by Insurance Law § 5208(a)(1)(B). These issues could not have been resolved without an evidentiary hearing (see Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d at 895; Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d at 1349). Thus, the Supreme Court should not have summarily granted the petition (see CPLR 409, 410).
Accordingly, we reverse the order and remit the matter to the Supreme Court, Nassau County, for an evidentiary hearing on the aforementioned issues and a new determination of the petition thereafter.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court