Matter of Sampilov v Motor Veh. Acc. Indem. Corp. (2026 NY Slip Op 50312(U))

[*1]

Matter of Sampilov v Motor Veh. Acc. Indem. Corp.

2026 NY Slip Op 50312(U)

Decided on March 13, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2026
Supreme Court, Kings County

In the Matter of the Application of Arsalan Sampilov, Petitioner, For leave to commence an action pursuant to Section 5218 of the Insurance Law,

againstThe Motor Vehicle Accident Indemnification Corporation, Respondent.

Index No. 528467/2025

Law Office of Yuriy Prakhin, P.C., Brooklyn (Alex Gould of counsel), for petitioner.
Law Office of Jaime E. Gangemi, Manhattan (Paul Catsandonis of counsel), for respondent.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used in this special proceeding: 1-33.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as follows.
Petitioner Arsalan Sampilov petitions in this special proceeding for leave to commence an action against MVAIC. In an order dated November 7, 2025, the petition was denied: "Petitioner failed to demonstrate that the identity of the owner and operator was unknown or not readily ascertainable through reasonable efforts . . ." (NYSCEF Doc No. 15 at 2). Petitioner moves again for leave to commence an action against MVAIC.
The matter stems from a motor vehicle accident on November 17, 2023, at approximately 9:30 p.m., in Brooklyn, in which Petitioner claims he was struck by a hit-and-run motorist while in the crosswalk at the intersection of Bay Parkway and Bath Avenue, and sustained personal injuries. Neither Petitioner nor anyone in his household owned a motor vehicle at the time of the accident and Petitioner has never been listed as an "insured person" on an automobile policy.
Petitioner now offers an MV-104 report dated November 29, 2023 which he signed (see NYSCEF Doc No. 22), notices to preserve surveillance footage from two businesses located at the intersection of the accident (see NYSCEF Doc No. 21), and his affirmation that it was too dark to see the license plate on the night of the accident (see NYSCEF Doc No. 19). As no surveillance footage of the accident was located, Petitioner claims that due diligence was properly performed.
Insurance Law § 5208 requires that to be considered a "qualified" person on the basis of [*2]a hit-and-run accident the petitioner must report the accident "within twenty-four hours after the occurrence to a police, peace or judicial officer in the vicinity or to the commissioner [of motor vehicles], and . . . file[ ] with the corporation within ninety days of the accrual of the cause of action, as a condition precedent . . ." (Insurance Law § 5208 [a] [2] [A]). This requirement may be waived "if it is shown that it was not reasonably possible to make such a report or that it was made as soon as was reasonably possible" (id. § 5208 [a] [2] [B]).
Here, Petitioner is not considered a "qualified" person under Insurance Law § 5208 due to his failure to file a report with a police, peace or judicial officer, or with the commissioner, within 24 hours after the subject accident. The MV-104 report was not only not completed by a peace or police officer, but it was also filed 12 days following the subject accident. It is not compliant with Insurance Law § 5208 [a] [2] [A]. As MVAIC notes, Petitioner could have submitted an ambulance report, the 911 spring sheet, or phone records of the 911 call to overcome this issue. However, he did not do so.
Petitioner states in a supplemental petition that at the time of the accident, "I was in a state of shock, dizziness, and elevated blood pressure. I was alone at the time of the incident." (NYSCEF Doc No. 19 at 2.)
At oral argument, Petitioner's counsel argued that no police arrived after the accident and that Petitioner "was an immigrant who was not keen on what was to be done." That being so, they do not constitute legally sufficient excuses for not reporting the accident to the authorities within 24 hours. In fact, the accident was not reported by Petitioner until 12 days later.
Petitioner argued that MVAIC acknowledged his status as a qualified person in a May 17, 2024 letter. This, however, related solely to No-Fault benefits, not to recovery for non-economic loss.
"MVAIC was created to compensate innocent victims of hit-and-run motor vehicle accidents" (Matter of Chinn v Motor Veh. Acc. Indem. Corp., 240 AD3d 889, 890 [2d Dept 2025]). "[T]he statutory provisions creating and regulating MVAIC should be liberally construed to serve those ends" (Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 232 [2d Dept 2011]). Nonetheless, "A petitioner seeking leave of court to commence an action against the MVAIC has the initial burden of demonstrating that he or she is a '[q]ualified person' within the meaning of Insurance Law § 5202 and by making an evidentiary showing that he or she has satisfied certain other statutory requirements (see Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347, 1349 [2014]; Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 232 [2011]). In a special proceeding, to the extent that no triable issues of fact are raised, the court is empowered to make a summary determination (see CPLR 409 [b]). If, however, triable issues of fact are raised, an evidentiary hearing must be held (see CPLR 410)." (Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d 894, 894-895 [2d Dept 2018].)
Here there are no triable issues of fact. Petitioner has failed to make a factual showing that it was not reasonably possible to report the accident to the authorities or that it was reported as soon as was reasonably possible (see Matter of Pagan v Motor Veh. Acc. Indem. Corp., 82 AD3d 1102 [2d Dept 2011]). Inasmuch as Petitioner failed to establish compliance with all conditions precedent to suing MVAIC, his petition must be denied. There is no need for an evidentiary hearing.
It is hereby ORDERED and ADJUDGED that Petitioner Arsalan Sampilov's motion (Motion Seq. No. 2) in support of his petition for leave to commence an action against MVAIC [*3]is DENIED, and the special proceeding is dismissed.